In the Matter of the Application of CHARLES H. SEMPER, Respondent, for a Writ of Mandamus, against EDWIN DUFFEY, as State Commissioner of Highways, Appellant.

**State highways — contract for construction of highway — forfeiture of deposit made by bidder — mandamus — when such bidder cannot recover deposit because of error in estimates of state.**

A contractor in a proposal for the construction of a state highway stated that his information of the work to be done and materials to be furnished was " secured by personal investigation and research and not from the estimates of the State Commissioner of Highways." He in fact made his bid based upon such estimates, and, after the bid was accepted, refused to execute the contract upon the ground that his proposal was due to a misunderstanding on his part or a mutual mistake in that the statement in the estimates that certain materials could be obtained at a near-by place at a designated price, was erroneous. Under these circumstances it is not the clear legal duty of the state to relieve the contractor from his obligation and he cannot recover, by mandamus, the certified check which he deposited with the state to become its property if his proposal was accepted and he failed to execute the contract. (*Faber* v. *City of New York*, 222 N. Y. 255, 260, distinguished.)

*Matter of Semper* v. *Duffey*, 188 App. Div. 984, reversed.

(Argued September 3, 1919; decided October 14, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 8, 1919, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the state superintendent of highways to return a check deposited as security on a road contract.

The facts, so far as material, are stated in the opinion.

*Charles D. Newton, Attorney-General (Arthur E. Rose and B. F. Sturgis* of counsel), for appellant.    The estimate

sheet was no part of the plans or specifications, or of the contract, and the statements contained therein were not warranties or representations intended to be relied upon (*W.-Q. Asphalt Co.* v. *Carlisle,* 158 App. Div. 638; *Simpson & Co.* v. *U. S.,* 31 U. S. Court of Claims, 217; affd., 172 U. S. 372; *Callahan Construction Company* v. *U. S.,* 47 U. S. Court of Claims, 177; *Lewman* v. *U. S.,* 31 U. S. Court of Claims, 470.) Not only does the proposal contract executed by the respondent bar him from asserting that he is deceived by the statements in the estimate sheet but the evidence discloses the fact that he did not actually rely on such statements. (*Southern Development Co.* v. *Silva,* 125 U. S. 247; *Farrar* v. *Churchill,* 135 U. S. 609.)

*John N. Carlisle* for respondent. The state having made on its estimate sheet a positive statement that stone could be procured from a commercial quarry at Union Springs, it cannot now repudiate this positive statement and rely upon any qualifying clauses in either the proposal, information for bidders or in the proposed contract to overturn such statement so made and relied upon. (*Hollerbach* v. *United States,* 233 U. S. 165.) There being in this case a mutual mistake of fact and the relator having been led by the statement of the state to make his bid, he is entitled to a return of his check. (*Atlantic Construction Co.* v. *State,* 103 Misc. Rep. 234; *Faber* v. *City of New York,* 222 N. Y. 255; *Harper, Inc.,* v. *City of Newburgh,* 159 App. Div. 695; *Christie* v. *United States,* 237 U. S. 233; *Hollerbach* v. *United States,* 233 U. S. 165; *Leary* v. *Geller,* 224 N. Y. 56; *Martens* v. *City of Syracuse,* 183 App. Div. 622; *Lumber Ex. Bank* v. *Miller,* 18 Misc. Rep. 127.)

POUND, J. Relator was a bidder for the construction of a state highway. The estimate sheet exhibited by the state commissioner of highways to contractors

indicated in entire good faith that the supply of
stone necessary therefor could be obtained at Union
Springs at ninety cents the cubic yard. That was a
mistake, as relator discovered after making his bid. It
could only be obtained elsewhere at a much higher cost.
He refused to execute the contract and now seeks to
recover a certified check for $1,450 which he deposited
with his proposal, to become the property of the state
if his proposal was accepted and he failed to execute the
contract. It has been held below that his proposal was
due to a misunderstanding on his part or a mutual
mistake of fact as to the possibility of obtaining the stone
at Union Springs according to the estimate and that it
was the clear legal duty of defendant to return the check.

I reach the conclusion that no mistake or misunder-
standing as to the place where the relator could obtain
stone will avail him in this proceeding. His itemized
proposal states that he has carefully examined among
other things " the form of contract," and that the certified
check accompanying the bid " shall become the property
of the state if his proposal is accepted and he fails to
execute the contract." He thus binds himself to enter
into a contract in and by which he agrees that his
information " regarding all the conditions affecting the
work to be done and labor and materials to be furnished
for the completion of this contract   *   *   *   was secured
*by personal investigation and research and not from the
estimates of the State Commissioner of Highways;* and
that he will make no claim against the state by reason
of estimates, tests or representations of any officer or
agent of the state." It thus appears that the proposal
was so related to the contract that the contractor was
precluded from relying on the statement in the estimate
that stone would be obtained at a given place at a given
price. The statement was suggestive merely, directing
him for inquiries to what the state considered the nearest
available source of supply. The bidder had the same

opportunity to discover the facts that the state had and he in his proposal agreed to execute a contract to the effect that he had availed himself of his opportunity and was content to make the proposal and to execute the contract upon the understanding that he was relying on his own personal investigation.

We held in *Faber* v. *City of New York* (222 N. Y. 255, 260) that where the contractor had no reasonable opportunity to discover the truth as to the position of bed rock and the evidence was sufficient to show that the contract was made by both parties on the understanding that the bed rock was as indicated in the plan prepared by the city, the contractor might recover for extra work, but here the parties had entire equality of opportunity. The case is the same as any mutual misunderstanding as to price, source of supply, and the like. The proposal is made at the bidder's risk in these regards, certainly where no element of deception or inequality or inequity is presented. The bidder has forfeited the money accompanying his bid by failing to execute the contract. The result may seem harsh but the state properly protects itself by the strictness of its contract and the relator must be bound by the terms thereof as proffered.

The orders of the Special Term and the Appellate Division should be reversed and the application for the writ of mandamus denied, with costs to appellant in all courts.

HISCOCK, Ch. J., CHASE, CARDOZO and ANDREWS, JJ., concur; HOGAN, J., absent; McLAUGHLIN, J., not voting.

Orders reversed, etc.