BELMAR CONTRACTING COMPANY, INC., Respondent, *v.* THE STATE OF NEW YORK, Appellant.

Contract — state — execution of formal written contract essential to establish liability of state — contractor for improvement of state highway cannot recover damages occasioned by unnecessary delay in execution of contract by highway commissioner.

1. Section 130 of the Highway Law (Cons. Laws, ch. 25) clearly provides that the execution of a formal written contract after its approval by the comptroller is essential to establish liability of the state.

2. Where, therefore, one who has been awarded a contract for the
improvement of a state highway executes the contract on his part and
files the required bond, his papers appearing to be satisfactory to the
commissioner of highways, but the latter official so delays execution
of the contract on the part of the state that it is impossible to complete
the work before winter and, by mutual consent, commencement of
the work is postponed until the following spring, at which time the
work is commenced and completed, but, because of an increased cost
of labor and material, at an expense much greater than if it had been
done the preceding fall, the contractor cannot recover his damage
from the state. The unexcused failure of the commissioner of
highways to execute the contract is a personal fault for which the
state is not responsible. (*Sanders* v. *Pottlitzer Bros. F. Co.*, 144 N. Y.
209, distinguished.)

*Belmar Contracting Co.* v. *State of New York*, 194 App. Div. 69,
reversed.

(Argued March 7, 1922; decided April 18, 1922.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the third judicial department,
entered December 9, 1920, modifying and affirming as
modified a judgment in favor of plaintiff entered upon an
award of the Court of Claims.

*Charles D. Newton*, Attorney-General (*Carey D. Davie*
of counsel), for appellant. Claimant is not entitled to
recover as matter of law any sum for damages alleged
to have been sustained by it prior to the execution of
the contract by the state. (Cons. Laws, ch. 25, § 130.)
Even had claimant possessed any valid demand against
the state for damages in consequence of the delay in
the execution of the contract, it waived such demand by
accepting the contract after its execution and proceeding
with the performance thereof. (*Sandstrom* v. *State*, 159
App. Div. 241; *N. Y. Const. Co.* v. *State*, 163 App. Div.
227; *Lynch* v. *Mayor, etc.*, 2 App. Div. 213; *Pennel* v.
*Mayor*, 17 App. Div. 455; *Beckwith* v. *City of New York*,
121 App. Div. 462.) Claimant is estopped in consequence
of its acceptance and performance of the contract from
now claiming damages for delays in the execution of the

same by the state. (*Draper* v. *O. C. F. R. Assn.*, 190 N. Y. 12; *Goodfield* v. *Platt*, 130 N. Y. Supp. 180; *North- ampton Nat. Bank* v. *Kidder*, 18 J. & S. 246; *Riley* v. *Albany Savings Bank*, 56 Hun, 513; 103 N. Y. 669; *Second Nat. Bank* v. *Burr*, 93 N. Y. 233.)

*Charles B. Sullivan* for respondent. When claimant complied with the terms of the award, executed the written contract furnished it by the highway department, and delivered the same with the prescribed undertaking to the highway department and the highway department accepted and approved the contract and undertaking so delivered and transmitted it to the comptroller for approval the contract became effective between the parties and binding upon claimant and the state alike, when the comptroller formally approved it, and the highway department acquiesced in and retained said contract. (*Lynch* v. *Mayor, etc.*, 2 App. Div. 216; *Garfield* v. *U. S.*, 93 U. S. 242; *Pratt* v. *H. R. R. R. Co.*, 21 N. Y. 305; *Sanders* v. *Pottlitzer Bros. Fruit Co.*, 144 N. Y. 209; *Disken* v. *Hirter*, 73 App. Div. 453; *Ferguson Cont. Co.* v. *Helderberg Cement Co.*, 135 App. Div. 494; *Short* v. *Keiffer*, 142 Ill. 258; *Rigdon* v. *Conley*, 141 Ill. 565; *Sellers* v. *Creer*, 172 Ill. 549; *Vogel* v. *Pecoc*, 157 Ill. 339; *Dutch* v. *Mead*, 4 J. & S. 427.) As claimant's damages arose after the contract became effective by the approval of the comptroller, they were sustained under the contract in suit and were not waived by doing the work. (*Allamon* v. *Mayor of Albany*, 43 Barb. 33; *Norcross* v. *Mills*, 198 N. Y. 340; *Genet* v. *D. & H. Co.*, 136 N. Y. 609; *Weeks* v. *Rector*, 56 App. Div. 195; *Starbird* v. *Barrons*, 38 N. Y. 230; *Cross* v. *Beard*, 26 N. Y. 88; *Barnum* v. *Williams*, 115 App. Div. 700; *McMaster* v. *State*, 108 N. Y. 542; *French* v. *City of Syracuse*, 18 Misc. Rep. 280; *Mansfield* v. *N. Y. C. R. R. Co.*, 102 N. Y. 214.)

ANDREWS, J. On August 5, 1915, the state advertised for bids for the improvement of a portion of a state

highway. It called attention to the "information for bidders," the "specifications" and the "contract agreement" on file in the office of the commission of highways. These papers stated that every bid must be accompanied by a cash deposit or a certified check or draft for five per centum of the amount of the proposal which would be forfeited if the bidder failed to enter into a contract should the same be awarded to it. Unless all the proposals are rejected this award is to be made to the lowest responsible bidder, who within ten days of notice of the award is to execute the contract in the form provided by the commission and furnish satisfactory bonds for its faithful performance. The work is to be finished within eighty working days. Time is said to be of the essence of the contract and the contractor must pay as liquidated damages ten dollars for each day's delay not ordered by the commission. A bid under these conditions was submitted by the claimant. On August twenty-fifth it received notice in writing that it had been successful and it was directed at once to execute the contract. It did so on September first and filed a bond. The form of its papers and the bond seem to have been satisfactory to the commissioner and he placed upon them the indorsement "O. K." and his initials. Before he could execute the contract, however, on behalf of the state it was necessary to secure the approval of the comptroller. (State Finance Law [Cons. Laws, ch. 56], sec. 16.) This was obtained on September fourteenth, but the contract was not executed by the commissioner until October twentieth, although he was repeatedly urged to sign it by the claimant. Because of this delay the latter was not able to complete the work in the fall of 1915 as it might have done had the contract been promptly executed after September fourteenth and had it been permitted to begin construction within a reasonable time thereafter. It was not thought wise to leave the work partly finished during the winter and by mutual consent the commencement was postponed until

the spring of 1916.  The work was finished during that year, but because of the increased cost of labor and materials at an expense of $10,716.05 greater than would have been required had it been completed during the preceding fall.  For this amount a claim against the state was filed.  It was rejected by the Court of Claims, but allowed by the Appellate Division.  We are to determine whether this result may be sustained.

If the claimant is to succeed it must be upon the theory that the parties at least when the approval of the comptroller had been obtained had come to an agreement upon a contract with all its terms and conditions.  Then such an agreement may be enforced even if there be an understanding that it is to be embodied in a formal written instrument.  A binding contract being thus in effect the delay caused by the action of the state in preventing the bidder from beginning its work until the contract was formally executed was a breach thereof and the resulting damages may be recovered against the state.  Or it must be upon the theory that the state has contracted to make a contract within a reasonable time and that it has broken this agreement.  These are the positions taken by the Appellate Division.  Or finally, upon the theory that although there was no contract upon the acceptance of its bid the claimant became bound under the penalty of forfeiting its deposit to execute it.  These were not merely preliminary negotiations from which it might withdraw at pleasure.  It must follow that independently of any theory of contract a correlative duty to complete within reasonable promptness all formal requirements rested on the state.  Neither might it withdraw or repudiate the transaction.  This would have been a wrongful act.  So was unjustifiable delay.  In either case did this wrong damage the claimant it should be compensated.  On none of these theories do we think an award may be sustained.

13

There is no doubt of the general principle suggested by the Appellate Division. (*Sanders* v. *Pottlitzer Bros. F. Co.*, 144 N. Y. 209.) But this principle is not applicable, as indeed that court admits where, by legislative fiat, the parties may only be bound where a contract in writing is in fact executed. However fully their minds may have met, however complete their agreement as to every term and condition, all is unavailing if the subject-matter is the sale of real property. There is a like situation here. Section 130 of the Highway Law (Cons. Laws, ch. 25), clearly provides that the execution of a formal written contract after its approval by the comptroller is essential. This is the basis of the liability of the state. None of its officers may impose upon it a contractual obligation except in the manner prescribed. We may not ignore the restrictions and limitations with which the legislature has chosen to surround the expenditure of public moneys. They are wise and should be enforced. The state has chosen to enact something similar to the Statute of Frauds for its own protection. Those dealing with it do so knowing this fact and at their own risk. If there is no contract there is no liability. However inequitable the conduct of the state may be it has said that it shall only be responsible upon one condition and consequently the claimant must show that that condition has been complied with. Nor may this rule be evaded any more than the provisions of the Statute of Frauds may be evaded on any theory that while the contract itself is unenforcible the contract to make this contract is valid. (*Dung* v. *Parker*, 52 N. Y. 494.) Had the state of New York refused entirely to execute the contract it incurred no liability. Equally true is this if it merely delays in its execution. (*South Boston Iron Co.* v. *United States*, 118 U. S. 37.)

If not liable for breach of contract because it has made none, or has delayed in the execution of the one it finally did make; if it has violated no agreement, there may be no recovery on any theory of quasi-contract because of

delay in doing what it was not required to do.   Doubtless if the contract was not executed within a reasonable time the claimant was at liberty to withdraw his bid and recover his deposit.   (*People ex rel. Yates* v. *Canal Board*, 13 Barb. 432, 447.)   This is its only remedy against the state. The latter has received nothing whereby it is unjustly enriched at the claimant's expense.   It has failed in no statutory duty.   If it be said that by implication the statute requires the commissioner to affix his signature to the formal instrument, after it has been determined that the claimant is the lowest responsible bidder; after it has itself executed the contract and furnished an acceptable bond, and after the comptroller has given his approval, then the claimant has a clear legal right which has been infringed, and as, unlike the situation in *People ex rel. Lunney* v. *Campbell* (72 N. Y. 496), it has no remedy at law against the state, it may doubtless enforce it by mandamus.   (*People ex rel. Vickerman* v. *Contracting Board*, 46 Barb. 254; *People ex rel. Belden* v. *Contracting Board*, 27 N. Y. 378; *Matter of Semper* v. *Duffey*, 227 N. Y. 151; *Butterworth* v. *Hoe*, 112 U. S. 50.)   But the very fact that the commissioner might have been compelled to act by this writ, implies that he was directed to act by the state.   His unexcused failure to do so, therefore, was a personal fault.   For it the state is not responsible. (*Litchfield* v. *Bond*, 186 N. Y. 66.)

The judgment of the Appellate Division and the judgment of the Court of Claims entered thereon should, therefore, be reversed and the original judgment of the Court of Claims should be affirmed, with costs in this court and in the Appellate Division.

HOGAN, CARDOZO, POUND and McLAUGHLIN, JJ., concur; CRANE, J., dissents; HISCOCK, Ch. J., not voting.

Judgment accordingly.