Good Roads Engineering & Contracting Co., Claimant, *v.* The State of New York, Defendant.

(Claim No. 23931.)

Court of Claims, August 1, 1941.

*Ainsworth & Sullivan* [*Charles B. Sullivan* and *Warner M. Bouck* of counsel], for the claimant.

*John J Bennett, Jr., Attorney-General* [*John M. Dooley* and *Jacob S. Honigsbaum, Assistant Attorneys-General,* of counsel], for the defendant.

RYAN, J. As the result of a letting held August 11, 1933, claimant was the lowest bidder and was awarded a contract with the State of New York for the reconstruction of Sunrise Highway extension in Suffolk county for the sum of $304,784.90. The contract was dated August 21, 1933, but was not approved by the Comptroller until August thirtieth and under date of September first the Public Works Department notified claimant that it was authorized to proceed with the work. In the meantime and com-

mencing August twentieth claimant had started preparatory work, moving its plant and equipment to the site and setting it up. We call attention to this fact because it indicates claimant's good faith and diligence for it might have sustained loss had the contract not been approved either by the Comptroller or by the Federal authorities who were contributing to the cost. (State Finance Law, § 16, now § 112; *Belmar Contracting Co., Inc.,* v. *State,* 233 N. Y. 189. See, also, record in Claim No. 25296, *Ward, Inc.,* v. *State,* Nov. 13, 1939, unreported.)

The completion date in the contract was November 1, 1933. The time was twice extended, first to January 1, 1934, and then to June 29, 1934, when the work was fully done and accepted, and claimant was paid except for the sum of $2,966.92, deducted by the State Department of Public Works, Division of Highways, for engineering and inspection charges. For this sum, with interest, the claimant now sues and demands judgment on the ground that the State's action was arbitrary and an abuse of discretion.

The claimant's contract provided as follows: " No extension beyond the date of completion fixed by the terms of this contract shall be effective unless in writing signed by the State Department of Public Works, Division of Highways. Such extension shall be for such time and upon such terms and conditions as shall be fixed by the Division of Highways, which may include a charge for engineering and inspection expenses actually incurred upon the work. Notice of application for such extension shall be filed with the Division Engineer of the Division within which the highway under construction is located at least fifteen days prior to the date of completion fixed by the terms of this agreement."

We have already held that these identical provisions in a contract " confer upon the Division of Highways a discretionary power and do not mandatorily require that the Division of Highways impose engineering charges as a term or condition to the granting of such extension," and further that such discretionary power " should not be abused or exercised arbitrarily or beyond the contemplation of the parties to the contract." These holdings appear in claimant's requests to find as conclusions of law, as found and adopted by this court in Claim No. 25031, *Lord-Humphrey & Co., Inc.,* v. *State* (Oct. 31, 1939; affd., 259 App. Div. 795, no opinion). That the claim of Lord-Humphrey was dismissed, including the item which demanded reimbursement of deducted engineering and inspection charges, does not affect the legal conclusion reached because the dismissal was based upon a finding of fact which recited " that the claimant, itself, was responsible for the delay in not finishing the contract on time." (Finding 28, Claim No. 25031.)

However, our attention is now called to the fact that the *notice to bidders* upon which this claimant acted also contained a clause on the subject of engineering and inspection charges and that clause read as follows: " When the work embraced in the contract is not completed on or before the date specified in the contract, engineering and inspection expenses incurred by the State upon the work from the completion date originally fixed in the contract to the final completion date of the contract, shall be borne by the contractor and will be deducted by the State Department of Public Works, Division of Highways, from the final account on the contract, except when extra work has been ordered by the State. In such cases allowance will be made for the actual number of working days necessary to perform the extra work."

Thus in the notice to bidders, " engineering and inspection expenses * * * *shall* be borne by the contractor," while in the contract an extension of time " shall be * * * upon such terms and conditions as shall be fixed by the Division of Highways which *may* include a charge for engineering and inspection expenses."

It appears that this court in Claim No. 24469, *W. W. Construction Company, Inc.*, v. *State* (Feb. 6, 1939), held that an identical clause in a *notice to bidders* " becomes a part of the contract and that the claimant contractor agreed to pay the engineering and inspection charges." (Opinion, GREENBERG, J., not reported.) And a finding was made which read: " 53. That the contract herein provides as follows: " quoting the language in the *notice to bidders*, identical with that hereinabove quoted.

The opinion continues with a recital of the facts which were, briefly, as follows: The completion date of the W. W. Construction Company contract was August 1, 1934; the first extension of time was granted the contractor to October 1, 1934, *without* charge, the second and third extensions were granted *with* engineering charges and extended the time of completion to January 2, 1935. They were made upon applications by the contractor which recited as their basis " delays for reasons beyond our control," which, on the trial, was explained by claimant's president as a cover up for excuses " that may subsequently develop."

Judge GREENBERG pointed out that " All of the modifications, changes and additions to the work " ordered by the State had taken place prior to October 1, 1934, and said: " It is my opinion that the delays alleged to have been occasioned by reason of the changes or modifications in the contract should have been specifically set forth in the applications for an extension of time, and that the failure of claimant to base its applications for an extension of time on those grounds is a waiver of its right so to do, and the claimant is estopped from doing so now."

We find nothing in Judge Greenberg's decision or opinion inconsistent with our holding that the Division of Highways has a discretionary power which should not be abused. On the contrary, he notes that the discretion was exercised upon the contractor's first application and implies that it might have been exercised, for good cause shown, upon the second and third applications, had the contractor not waived its rights. As stated, our colleague was then discussing the clause in the *notice to bidders* wherein appears the word " shall." He did not refer to the clause in the *contract* wherein appears the word " may," and the record does not disclose that it was called to his attention that the contract he had under consideration contained that clause. Yet it was there, numbered paragraph " 8," exactly as it appeared in the Lord-Humphrey contract, exactly as it appears in the Good Roads contract.

There is nothing novel about extensions of time for the completion of State contracts without the imposition of engineering and inspection charges. In our observation, and we may make claim, with all modesty, to an experience of some length, such extensions are often granted. Whether the " notice to bidders " becomes a part of the contract is immaterial. If it does and paragraph 8 is inconsistent with it, the latter must control. The parties must have so contemplated.

In the instant case the fair exercise of discretion required that claimant's applications be granted without the imposition of charges. The magnitude, variety and extent of the work was such that it could not reasonably have been completed on November 1, 1933. Ample evidence supports a finding that the work to be done required six months of seasonable construction weather for its performance with all reasonable diligence in accordance with the methods usual and customary in highway construction work. This claimant has proved to our satisfaction that it proceeded diligently and no evidence has been offered to the contrary. Claimant is entitled to an award with interest.

Barrett, P. J., concurs.