BLATT BOWLING & BILLIARD CORP., Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 35221.)

Third Department, August 1, 1961.

*Louis J. Lefkowitz, Attorney-General (George H. Rothlauf and Paxton Blair* of counsel), for appellant.

*Philip Davis* for respondent.

BERGAN, P. J. Although claimant has established that Ernest Palcic, the Business Officer of Letchworth Village, an institution in the State Department of Mental Hygiene, in due form executed a contract for the installation of bowling alleys for $19,-912.48, it has failed to show such conformity with law as would warrant a liability on this contract by the State. It was the intention of the Business Officer that payments for the installation be made out of the Community Store Fund, which consisted of money under the control of State officers, but not having an appropriation by the Legislature as its source. Nevertheless, the judgment of the Court of Claims has imposed a direct liability on the State itself for $8,100.76 as damages for breach of contract.

The provisions of section 112 of the State Finance Law (as it read in 1957) were that before " any contract " for more than $500 made for or by any State officer " shall be executed or become effective " it " shall first be approved by the comptroller and filed in his office ". (L. 1941, ch. 523.) It is undisputed that this filing and approval were not had in this instance; and whatever may have been the personal views of the Comptroller or his assistants on the effect of this statute on payments from

special funds, such as the Community Store Fund, or the need for prior approval and filing, it seems clear from the terms of this statute that the requirement for this prior approval necessarily existed; could not be avoided; and guards the State from liability. It sweeps in " any contract " made by a State " officer " for over $500. Moreover, within the provisions of section 53 of the State Finance Law and subdivision 3 of section 12 of the Mental Hygiene Law expenditures from this Store Fund could not exceed $10,000 without further approval of the Director of the Budget, and his approval given in pursuance of the State Finance Law was expressly limited to $10,000 (State's Exhibit D).

Finally, a fair reading of section 42 of the Mental Hygiene Law and section 174 of the State Finance Law would require competitive bids for an installation such as this. We do not pass on the additional point raised by the State that claimant obtained the contract by misrepresenting material facts. We hold, merely, that the liability of the State is not established.

Judgment should be reversed on the law and the facts and claim dismissed, without costs.

GIBSON, HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Judgment reversed on the law and the facts and claim dismissed, without costs.