■ "LES" STRONG, INC., Appellant, v COUNTY OF BROOME, Respondent. — Appeal (1) from an order of the Supreme Court at Special Term (Bryant, J.), entered August 6, 1981 in Broome County, which denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered February 8, 1982 in Broome County, which denied plaintiff's motion for renewal. In this

lawsuit, plaintiff seeks recovery of $139,840 as damages for an alleged breach of a 1978 contract with defendant for reconstruction of .299 miles of a roadway and other related work. The dispute arises from rejection of plaintiff's claim for 1,748 square feet of safe operation sheet piling in excess of defendant's estimated 850 square feet shown in the plans and specifications. Plaintiff appeals from Special Term's denial of its motion for summary judgment and the granting of defendant's cross motion dismissing the complaint. The facts appear undisputed with purely a question of law to be determined by the instant motions. Plaintiff was aware of the incorrect estimated quantity and "unbalanced" its bid by increasing the unit price for the item in its bid from a normal range of $.80 — $1 to $80 per square foot. The item was installed between September 2 and September 23, 1978. After paying $68,000 for 850 square feet of piling in the first installment payment for September, 1978, defendant rejected all bills and demands by plaintiff for payment of the cost of the additional 1,748 square feet, claiming that the item had reached the maximum quantity allowed under the contract. Defendant rejected the verified claim filed December 4, 1979 after completion of the project. The issues arise from different interpretations of certain provisions of the contract, which incorporate by reference several other documents. Although the bid was itemized and included unit bid prices, it was nevertheless a lump-sum contract which could be changed only under specific circumstances and in compliance with specified conditions. The unit bid prices itemized in the bid proposal were for use only to evaluate extra work, or increases or decreases in quantities of materials, for which changes in compensation could only be made in a written supplemental agreement. Defendant argues that the excess piling should be construed as a revision requiring a written change order and compliance with Clause IV Paragraph A — Subd 1 — Par (B) of the contract or Clause VII Paragraph A and Paragraph C. The December, 1979 claim was untimely filed after the expiration of the contract time limitation. The bid proposal states that plaintiff understood and agreed to accept in full compensation therefor the amount of summation of the products of the approximate quantities multiplied by the unit price bid, which summation would be the gross sum bid. In addition, plaintiff agreed that "In no event shall the total amount of this Contract exceed the sum of $575,395.00 except in accordance with Paragraph C below."[*] Plaintiff admits that it discovered defendant's error in estimating the quantity of piling required before preparation of its bid proposal, but failed to notify defendant of this apparently obvious error as required pursuant to section 105-03 of the standard specifications, incorporated in the contract by reference. Such failure denudes plaintiff's contentions of validity (see *Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 192-193). There is before us in addition to the appeal from the order dismissing the complaint, plaintiff's appeal from the denial of its motion for leave to renew its motion for summary judgment. In that motion, made months after notice of this appeal was filed, plaintiff urged new or additional facts not previously before the court. Essentially, these facts were that five supplemental agreements beween the parties had been executed to provide additional compensation to plaintiff which raised the payment total from $575,395 to $608,465.22. Plaintiff contends that there remained unpaid $92,822 on its billing total of $701,278.22 which should be paid on account of its claim for excess piling. Each of these supplemental agreements fully complied with contract requirements. None included the excess piling. Plaintiff has disregarded the express provision in the final supplemental agreement which deducted $92,822 from the original contract price because of reduction of certain items and quantities not required for the

---

[*] $575,395 is the summation of the products of the approximate quantities multiplied by the unit prices bid.

work, rendering the claim specious. Special Term, relying upon *Foley v Roche* (68 AD2d 558), found that neither additional facts existing at the time of the original motion, nor a valid excuse for failing to present such facts previously, were present, and thus correctly denied the motion. Orders affirmed, with costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.