■ In the Matter of NATIONAL FUEL GAS DISTRIBUTION CORPORATION, Appellant, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered August 23, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Public Service Commission which denied petitioner a surcharge. While the facts in this appeal are not in dispute, a full recitation is necessary to understand and resolve the controversy. Petitioner National Fuel Gas Distribution Corporation (National Fuel) is a retail distributor of natural gas in western New York and its rates are regulated by the Public Service Commission (PSC). Pursuant to a gas adjustment clause in its tariff, National Fuel, like all gas utilities, is permitted to recover monthly increase costs for gas without a separate rate filing each month (16 NYCRR 270.57). A comparable refund to the customers must be made where there is a decrease below the purchase costs of gas to the utility. The utility records its monthly over or under collections for each month from September 1 through August 31 and then determines, prior to October 15, the yearly under or over accrual which

forms the basis of the surcharge or refund (16 NYCRR 270.57 [f]). This calculation of the gas adjustment rate is known as "closed-cycle", whereas the "open-cycle" calculation adjusts the rate on each monthly average under or over collection balance. In 1980, the PSC amended its policy of not permitting utilities to charge interest on surcharges calculated on the "closed-cycle" process (*Opinion and Resolution Amending Gas Adjustment Clauses,* PSC Opn No. 80-26). By letter of June 23, 1981, petitioner National Fuel requested a ruling from the PSC as to the appropriateness of interest accruals on under collections for the period September 1, 1980 through December 31, 1981. The PSC denied National Fuel's request for the interest accruals for the period September 1, 1980 through September 30, 1981, stating that lack of prior commission approval precluded the authorization of such retroactive recoupment. The PSC, however, approved petitioner's request for interest accrual on the "open-cycle" method for the period October 1, 1981 through December 31, 1981. Petitioner's application for a hearing was denied. Thereafter, petitioner commenced this CPLR article 78 proceeding asking that the PSC's refusal to allow "open-cycle" interest accruals for the months of September 1, 1980 through September 31, 1981 be annulled and that the PSC be directed to issue an order permitting the company to charge its customers the disputed interest. By decision of July 29, 1982, Special Term denied the requested relief and dismissed the petition, holding that the determination of the PSC had a reasonable basis and was neither arbitrary nor capricious. This appeal ensued. In petitioner's original request and the subsequent proceeding, it has relied on the PSC's determination in *Brooklyn Union Gas Co.* (PSC Opn No. 80-31), in which the commission approved Brooklyn Union's request to use the "open-cycle" method of calculating the gas adjustment rate. Respondent, in denying petitioner's request, stated that the opinion in *Brooklyn Union* was not generic, but applied only to the party involved therein. We agree. The language of the *Brooklyn Union* opinion is limited in scope. Respondent did not promulgate any regulations incorporating the holding in *Brooklyn Union.* We cannot say that petitioner was entitled to rely on respondent's opinion in *Brooklyn Union.* Neither can we say that respondent was on notice that petitioner was requesting such an increase from statements in briefs in a prior rate case and in comments to a proposed amendment to the gas adjustment clause. These statements from petitioner do not constitute notice related to the request in the instant proceeding. Finally, it is well settled that retroactive rate-making is not permissible (*Matter of Niagara Mohawk Power Corp. v Public Serv. Comm.,* 54 AD2d 255). While petitioner is correct in its contention that a fuel adjustment clause itself is not retroactive (*Matter of Consumer Protection Bd. v Public Serv. Comm.,* 85 AD2d 321, app dsmd 57 NY2d 673), where the formula to compute the clause changes, the change approved by respondent must be limited to future rates only (*Purcell v New York Cent. R. R. Co.,* 268 NY 164, 170, app dsmd 296 US 545; cf. *Matter of Abrams v Consolidated Edison Co.,* 87 AD2d 708, 710). On the record before us, we find that the determination of the PSC had a reasonable basis and was neither arbitrary nor capricious. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.