SYRACUSE SUPPLY COMPANY, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 64299.)

The crane was moved into claimant's facility in Syracuse and repair work began in November 1978. On disassembly of the crane, it was found that a number of parts believed to have been repairable required replacement. After DOT's representative made an inspection, he agreed to all changes in the contract necessary to complete the work and also requested that the undercarriage of the crane be cleaned by sandblasting rather than by steam, as was contemplated under the written contract.

The work was completed and the crane was returned to DOT in April 1979. Claimant then submitted two invoices, one for the bid amount and the other in the sum of $31,530 for additional costs incurred under the oral agreement. The State refused to pay the latter invoice, and at trial it offered no proof and contested only liability. The record indicates that it did not dispute the amount of the claim, and the trial court so found. The State appeals from a judgment entered against it at the Court of Claims in the sum of $31,530. We affirm.

The State may not escape liability solely on the basis that the contract's specifications required that variations to the contract be in writing and approved by the Commissioner (*Bero Constr. Corp. v New York State Thruway Auth.*, 41 AD2d 691, *lv denied* 33 NY2d 516). DOT's representative had at least ostensible authority, upon which claimant relied, to authorize changes in the contract (*see, Greene v Hellman*, 51 NY2d 197, 204) and the completed work was accepted by DOT. Whether claimant is entitled to recovery depends upon an interpretation of the written contract (*Savin Bros. v State of New York*, 62 AD2d 511, *affd on opn below* 47 NY2d 934). The record fully supports the trial court's finding that the additional work arose from conditions which could not be anticipated under the written contract but

was necessarily required in the contract's performance (*see, Shields v City of New York,* 84 App Div 502). Thus the oral modifications of the contract did not impose upon the State a new and distinct liability requiring approval by the Comptroller (*cf. Matter of Konski Engrs. v Levitt,* 69 AD2d 940, *affd* 49 NY2d 850, *cert denied* 449 US 840; *Westgate N. v State Univ.,* 77 Misc 2d 611, *affd* 47 AD2d 1004) and it was unnecessary to submit the additional work to a new bidding procedure (*cf. Elia Bldg. Co. v New York State Urban Dev. Corp.,* 54 AD2d 337). The State, therefore, must be held liable for the extra benefits it has received (*La Rose v Backer,* 11 AD2d 314, *mod* 11 AD2d 969, *affd* 11 NY2d 760; *Amadeus, Inc. v State of New York,* 36 AD2d 873, *appeal dismissed* 29 NY2d 634). Claimant's proof of damages, uncontested at trial, fully supports the amount of the award. (Appeal from judgment of Court of Claims, Moriarty, J. — contract.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.