OPINION OF THE COURT
F. Warren Travers, J.
Petitioners commenced this CPLR article 78 proceeding seeking to stay implementation by the New York Telephone Company of the interactive information network service (hereinafter IINS) tariff pending review of the merits of this proceeding. Justice Torraca denied the request for a preliminary injunction on the initial return date of this proceeding. *260 The matter was adjourned for determination of the merits before this Justice.
Petitioners seek to annul the Public Service Commission’s order denying a rehearing in case No. 28961 and also seek an order directing the Commission to increase the compensation to information providers of the New York Telephone mass announcement service tariff. Petitioners claim the IINS and the mass announcement service (MAS) will provide substantially similar services, and the market for the services will be the same. Petitioners claim the tariff rates are different for each service and such difference is illegal rate discrimination in violation of Public Service Law § 91 (2) (a) and (3).
Petitioners have submitted the petition, affidavits and legal briefs in support of their position. Respondents have submitted answers, affidavits and legal briefs in opposition to the proceeding. Respondents assert that the action of the Public Service Commission was not illegal, arbitrary or capricious and the petition should be dismissed.
The mass announcement network service is a special type of switching system that allows one telephone number to handle thousands of calls simultaneously. It is commonly known as a "dial-it number”. A customer calls the number and is able to listen to a prerecorded message that tells the time, weather, a joke or some other type of message. It is a passive system in that the caller listens to a taped message.
The IINS is different in that a customer calls the number and not only listens to a taped message but is able, by pushing buttons on his phone, to have the message directed to his specific needs or questions. The exchange is not one-way or passive, but a two-way communication is possible giving the service its interactive nature. The IINS can also be passive but the nature of the message, passive or interactive, is left up to the subscriber of that particular channel. This interactive technology is relatively new, and the number of calls that can be handled simultaneously is limited to the number of lines the subscriber has determined to lease. This is a major distinction in that the MAS can handle thousands of calls simultaneously.
The MAS tariff allows the subscriber of the channel from 3 to 3.7 cents per call depending upon volume. The charge to the customer is 28 cents. New York Telephone retains the difference for its services. The new IINS allows the channel subscriber to choose the price of the call that will be charged *261 to the customer. The price is anticipated to be more responsive to market demands. The tariff sets upper limits and mínimums, but the actual charge is set by the subscriber. The subscriber may earn up to $1.25 per call. Petitioners claim this substantial difference puts them at a competitive disadvantage.
It is clear that the two types of service are not the same. As the services are not the same, there is no illegal rate discrimination in violation of Public Service Law § 91 (2) (a) or § 91 (3). (See also, Matter of New York State Council of Retail Merchants v Public Serv. Commn. 45 NY2d 661.)
The issues raised by petitioners were raised in the proceedings of the Public Service Commission. As a response, the Public Service Commission did increase the tariff along with the amount received by subscribers of the MAS. The Commission also decreased the volume of calls required without penalty. A direction to review the impact upon the MAS of the IINS after six months was included. Subscribers of the MAS are not prohibited from subscribing to the IINS.
In the context of CPLR article 78 proceedings, arbitrary and capricious action is one taken without sound basis in reason and without regard to the facts Matter of Konski Eng’g v Levitt, 69 AD2d 940 [3d Dept]). Rationality is what is reviewed under both the substantial evidence rule and the arbitrary and capricious standard (Matter of Pell v Board of Educ., 34 NY2d 222). If the decision of the Commission had a reasonable basis and was neither arbitrary nor capricious, it must be upheld (Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn., 97 AD2d 674 [3d Dept]). The determination in this case is supported by a reasonable basis and is neither arbitrary nor capricious. The relief requested by petitioners is denied and the petition is dismissed.