OPINION OF THE COURT
F. Warren Travers, J.
Petitioner commenced this CPLR article 78 proceeding seeking a determination that a decision which denied her application for ordinary disability retirement pension was erroneous as a matter of law, arbitrary and capricious. All papers filed in support and opposition to this proceeding have been read and considered by the court.
*700 Petitioner, Jean Lupoli, was an employee of the New York State Insurance Fund. For health reasons, she stopped working on or about November 3, 1986 and never returned to work. Petitioner’s last date on the payroll of the New York State Insurance Fund was April 15, 1987. The State Insurance Fund terminated petitioner’s employment as of November 11, 1987 pursuant to section 73 of the New York Civil Service Law, because she had been continuously absent due to disability for more than a year.
On July 15, 1987, petitioner applied for Federal Social Security disability benefits. Although originally denied such benefits, in a decision dated July 21, 1988, the Administrative Judge determined that petitioner was entitled to disability insurance benefits "Commencing October 26, 1986”.
Petitioner alleges, also, that on or before July 1987, she had contacted the "Personnel Division” of the State Insurance Fund at 199 Church Street, New York, New York and requested a State application for a New York State ordinary disability retirement under section 506 of the Retirement and Social Security Law and was advised by said "Personnel Division” that they could not give her such an application until she had been first approved for Federal Social Security disability and that the personnel department cited section 506 of the Retirement and Social Security Law.
Petitioner executed an application for ordinary disability retirement on August 9, 1988. The application was received by the office of the State Comptroller on August 15, 1988. By a determination dated November 2, 1988, the State Comptroller disapproved said application on the basis that applicant was not actually in the service upon which her membership was based at the time she filed her application as required by section 506 of the Retirement and Social Security Law. Petitioner filed an administrative appeal of this determination. In a decision rendered by the Honorable Arthur Wachtel on July 13, 1989, the decision of the State Comptroller was affirmed. On August 17, 1989, the respondent Comptroller issued a determination denying petitioner’s application as untimely. Petitioner then commenced this article 78 proceeding.
Article 14 (§§ 500-520) applies to persons, such as petitioner, who enter the employment of a public employer on or after July 1, 1976. More particularly, section 506 (a) states that "[a] member in active service * * * shall * * * be eligible for ordinary disability benefits * * * if such member has been *701 determined to be eligible for primary social security benefits.” This statute proclaims who shall be eligible. This statute does not set forth rules or guidelines for filing or timeliness for filing. Section 506, and by reference, section 507 (d), (e) and (f) bring into consideration a determination of eligibility for primary Social Security benefits. Section 507 (f) specifically provides, "f. If disability benefits hereunder are conditioned upon eligibility for receipt of primary social security disability benefits, benefits hereunder shall commence at the time that primary social security disability benefits commence. If disability benefits hereunder are not conditioned upon eligibility for receipt of primary social security disability benefits, benefits hereunder shall commence as of the date of disability retirement.”
It is interesting to note that in these respects, section 506 differs from sections 62 and 63 of the Retirement and Social Security Law which affect and control a different category of employee. These latter sections which also pertain to ordinary disability retirement and accidental disability retirement do not involve primary Social Security benefits. Sections 62 and 63 give very specific details for filing and timeliness; more particularly, that at the time of filing, the member must actually be in service upon which his membership is based.
Section 506 clearly does not state that a member, at the time of filing the application, must be in active service as urged by the respondent.
The petitioner’s attorney states in his memorandum of law that there are no New York cases on this issue. This court finds only the case of Matter of Tripodo v Regan (145 AD2d 858) interpreting section 506. In the Trípodo case, unlike the case now before this court, the employee had been declared ineligible for Social Security benefits because of her age, 65.
The Federal Administrative Judge has determined that petitioner was eligible for Social Security benefits, "commencing October 26, 1986”. At that time, petitioner was a member in active service as that term is defined in sections 506 and 501.
In the context of article 78 proceedings, arbitrary and capricious action is one taken without sound basis in reason and without regard to the facts (Matter of Konski Engrs. v Levitt, 69 AD2d 940 [3d Dept]). Rationality is what is reviewed under both the substantial evidence rule and the arbitrary and capricious standard (Matter of Pell v Board of Educ., 34 *702 NY2d 222). If the decision of the Commission had a reasonable basis and was neither arbitrary nor capricious, it must be upheld (Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn., 97 AD2d 674 [3d Dept]). The determination in this case is one taken without sound basis in reason and without regard to the specific facts of this matter and is therefore arbitrary and capricious. The relief requested by petitioner is granted.