■ GREEN ISLAND CONSTRUCTION COMPANY, INC., Appellant-Respondent, v COUNTY OF CHENANGO, Defendant and Third-Party Plaintiff-Respondent-Appellant. CLARK PATTERSON MOSSIEN ENGINEERS, SURVEYORS, LANDSCAPE ARCHITECT, P. C., Individually and as Successor in Interest to CLARK ENGINEERS & SURVEYORS, P. C., Third-Party Defendant-Respondent. [622 NYS2d 132] —Crew III, J. Cross appeals from an order and judgment of the Supreme Court (Ingraham, J.), entered March 21, 1994 in Chenango County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

This action arises out of the construction of a landfill located in the Town of Pharsalia, Chenango County. In 1992, defendant appropriated $8 million to fund the project and hired third-party defendant, Clark Engineers & Surveyors, P. C. (hereinafter CPM),[1] to provide, *inter alia,* design and construction administration services for the project, including the preparation of cost estimates and bid specifications. With respect to the bid specifications, CPM provided defendant with estimates of, *inter alia,* the quantities and types of earth that would have to be excavated in order to complete the project, and bidders were required to specify their price per cubic yard for the various types of earth excavated.

---

1. Through a successful merger, Clark Engineers & Surveyors, P. C. is now known as Clark Patterson Mossien.

Prior to submitting its bid for the project, plaintiff conducted independent testing of the soil at the site and determined that CPM's estimates as to the quantity of different types of earth to be excavated were inaccurate. Plaintiff did not, however, inform defendant of these discrepancies. Plaintiff thereafter submitted an "unbalanced bid" for the project, which included deflated unit prices for excavation of those types of earth that plaintiff felt would require less work than specified in the bid and higher unit prices on those items that plaintiff expected to require more work than specified in the bid. As plaintiff's total bid of $7,064,338 was the lowest bid submitted, plaintiff was awarded the contract for the project.

Plaintiff and defendant thereafter entered into a unit price contract which provided, *inter alia,* that plaintiff would be paid the price specified in its bid for each unit of work actually performed and approved for payment by CPM.[2] The contract itself provided, in relevant part, that "[plaintiff] has heretofore given [CPM] written notice of all conflicts, errors or discrepancies that [it] has discovered in the Contract Documents and the written resolution thereof by [CPM] is acceptable to [plaintiff]" and contained several "notice provisions" requiring plaintiff to, *inter alia,* "promptly report in writing to [CPM] any conflict, error or discrepancy which [it] may discover and * * * obtain a written interpretation or clarification from [CPM] before proceeding with any [w]ork affected thereby".

The project progressed and, during the course of the excavation, plaintiff, without providing written notice, removed different types of earth in quantities in excess of the quantities provided for in the specifications. CPM refused to authorize the removal of such quantities of earth and, as a result, defendant refused to pay plaintiff for this portion of the work.

Plaintiff thereafter commenced a CPLR article 78 proceeding seeking unspecified money damages and, based upon stipulation of the parties, Supreme Court converted that proceeding to the instant action and permitted the filing of amended pleadings. Plaintiff essentially contended that defendant breached its contract with plaintiff by failing to pay plaintiff for the work it actually had performed, and defendant commenced a third-party action against CPM. Following joinder of issue and discovery, defendant moved for summary judgment

---

2. Although the contract also contained lump-sum payment provisions, those provisions are not at issue on appeal, and unit price payments were specified for, *inter alia,* the excavation work.

dismissing the complaint on two grounds: (1) the executory clause of the contract precluded plaintiff's recovery in excess of the contract price, and (2) plaintiff's failure to comply with the notice provisions of the contract warranted dismissal. Plaintiff then cross-moved for, *inter alia*, summary judgment dismissing defendant's affirmative defenses, and CPM cross-moved for, *inter alia*, summary judgment dismissing both the complaint and the third-party complaint. Supreme Court, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint based upon plaintiff's failure to comply with the contractual notice provisions. Defendant appeals and plaintiff cross-appeals from so much of Supreme Court's order and judgment as deemed the contract's executory clause to be an insufficient independent basis for granting summary judgment.[3]

We affirm. Initially, we reject plaintiff's contention that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint because dismissal is not an appropriate remedy under the contract. As noted previously, the contract between plaintiff and defendant contained several notice provisions, including the following: "Before undertaking each part of the Work, [plaintiff] shall carefully study and compare the Contract Documents and verify pertinent figures shown thereon and all applicable field measurements. [Plaintiff] shall promptly report in writing to [CPM] any conflict, error or discrepancy which [plaintiff] may discover and shall obtain a written interpretation or clarification from [CPM] before proceeding with any Work affected thereby; however, [plaintiff] shall not be liable to [defendant] or [CPM] for failure to report any conflict, error or discrepancy in the Contract Documents, *unless [plaintiff] had actual knowledge thereof or should reasonably have known thereof"* (emphasis supplied).

As defendant correctly observes, such language reasonably implies that the parties intended plaintiff to be held liable for failing to report such errors where, as here, it had actual knowledge of the discrepancies existing in the specifications with regard to the quantity of the various types of earth to be excavated *(see generally, Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 555). Additionally, this Court has previously upheld dismissal of a contractor's claim for compensation for work performed in excess of that called for in the bid specifications

---

**3.** This Court has permitted Associated General Contractors of America to file an *amicus curiae* brief on plaintiff's behalf.

based upon the contractor's failure to comply with contractual notice provisions *(see, "Les" Strong, Inc. v County of Broome,* 88 AD2d 1037), and plaintiff's attempt to distinguish the decision in *"Les" Strong, Inc. v County of Broome (supra)* is unpersuasive.

In view of the contractual notice provisions, it cannot seriously be argued that plaintiff did not have a duty to report the inaccuracies it discovered in the bid specifications relative to the various quantities of earth to be excavated at the site. In this regard, to the extent that plaintiff contends that the parties, by agreeing to a unit price contract, assumed the risk that the actual work performed would exceed the estimates set forth in the specifications and, hence, no notice of overruns was required, we find that argument to be lacking in merit in view of the specific contractual notice provisions.

The proof submitted in support of defendant's motion for summary judgment dismissing the complaint plainly established that plaintiff failed to report the discrepancies it discovered to CPM and, in order to successfully oppose that motion, plaintiff was required to come forth with sufficient proof in admissible form to raise a triable issue of fact with respect to its duty in this regard. This plaintiff failed to do. Although plaintiff contends that defendant "had actual knowledge that the actual quantities would overrun the estimated quantities" and, hence, cannot escape liability (citing *Syracuse Supply Co. v State of New York,* 110 AD2d 1053, *lv denied* 65 NY2d 603), the record before us simply does not substantiate plaintiff's claim in this regard. Moreover, even assuming that plaintiff's proof was sufficient to raise a question of fact on this point, the record belies the assertion that defendant acquiesced to plaintiff's excavation of earth beyond the quantities called for in the specifications.

Accordingly, we are of the view that defendant's motion for summary judgment dismissing the complaint based upon plaintiff's failure to comply with the contractual notice provisions was appropriate. In light of this conclusion, we need not address the sole issue raised on defendant's cross appeal— namely, whether another independent ground exists for granting its motion for summary judgment.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the order and judgment is affirmed, without costs.