**CITY OF NEW YORK, Plaintiff–Counter–Defendant–Appellee,**

v.

**CITY MERCHANDISE, INC., Jack Gindi, Defendant–Counter–Claimant–Appellant.**

**No. 06–0980–cv.**

United States Court of Appeals, Second Circuit.

Jan. 8, 2007.

Gabriel Fischbarg, Toptani Law Offices, New York, NY, for Appellant.

Alan G. Krams, Corporation Counsel of the City of New York (Michael A. Cardozo, Kristin M. Helmers, of counsel), New York, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Hon. BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Appellant City Merchandise, Inc. ("CMI") moved for a preliminary injunction seeking specific enforcement of an alleged contract between CMI and New York City ("City"). The district court (George B. Daniels, *Judge*) denied the motion and CMI appeals. We assume the parties' familiarity with the facts of this case, its procedural history, and the issues on appeal.

We review the district court's denial of a motion for a preliminary injunction for abuse of discretion. *See Malletier v. Burlington Coat Factory Warehouse Corp.,* 426 F.3d 532, 537 (2d Cir.2005). CMI

would be entitled to a preliminary injunction if it were able to show "(1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly in its favor." *Id.* (citation and internal quotation marks omitted).

CMI contends that because 1) there had been a "meeting of the minds" on August 3, 2005, and 2) all that remained were purely ministerial acts, CMI and the City had entered into an enforceable contract. But, assuming *arguendo* that the first two propositions are correct, they would be insufficient to support the conclusion CMI seeks to draw from them. A "party contracting with the State is chargeable with knowledge of the statutes which regulate its contracting powers and is bound by them." *Parsa v. State,* 64 N.Y.2d 143, 147, 474 N.E.2d 235, 237, 485 N.Y.S.2d 27, 29 (1984). If the requirements set forth by the statutes regulating the City's contracting powers are not met, then no contract has been formed.

The alleged contract here was a "concession" within the meaning of the New York City Charter. *See* N.Y.C. Charter § 362(a) (defining concessions); *Comptroller of New York v. Mayor of New York,* 7 N.Y.3d 256, 263–67, 852 N.E.2d 1144, 1147–50, 819 N.Y.S.2d 672, 675–78 (2006). The applicable statutes require, *inter alia,* that the person responsible for awarding the license certify that the licensee's Vendex information has been examined and that the license be registered by the comptroller. *See* N.Y.C. Admin. Code § 6–116.2(e) (requiring Vendex review); N.Y.C. Charter § 328 (requiring registration); N.Y.C. Charter § 375 (making concessions subject to section 328 requirements).

First, CMI never submitted a Vendex form and the Vendex review was not per-

**46**

formed. The Vendex database contains background information on vendors and their principals, allowing contracting officers to determine whether a particular vendor is a responsible party. *See DeFoe Corp. v. New York City DOT,* 87 N.Y.2d 754, 759 n. 5, 665 N.E.2d 158, 160 n. 5, 642 N.Y.S.2d 588, 590 n. 5 (1996). When a statute is, like N.Y.C. Admin. Code § 6–116.2(e), "designed to protect the public from governmental misconduct or improvidence," *Parsa,* 64 N.Y.2d at 147, 474 N.E.2d at 237, 485 N.Y.S.2d at 29, its requirements cannot be waived, *see Lutzken v. Rochester,* 7 A.D.2d 498, 499, 184 N.Y.S.2d 483, 486 (4th Dep't 1959); *see also* N.Y.C. Admin. Code § 6–116.2(e). The August 3 letter could not, therefore, have released the City from its obligations pursuant to section 6–116.2(e). *See Belmar Contracting Co. v. State,* 233 N.Y. 189, 194, 135 N.E. 240, 241 (1922) (noting the principle that legislative formalities, like the writing required by the statute of frauds, may prevent parties from forming a contract though there has been a meeting of the minds); *see also Parsa,* 64 N.Y.2d at 147, 474 N.E.2d at 237, 485 N.Y.S.2d at 29. The absence of Vendex review eliminates the possibility that CMI and the City formed an unenforceable contract on August 3.

Second, the Comptroller has not yet registered the alleged contract between CMI and the City. "Although a contract has been awarded by a municipal agency, such contract is not effective until it has been registered." *DeFoe,* 87 N.Y.2d at 760, 665 N.E.2d at 161, 642 N.Y.S.2d at 591 (1996) (citing N.Y.C. Charter § 328). The lack of registration therefore provides an additional reason to conclude that the August 3 letter did not create an enforceable contract.

We have considered the remainder of CMI's arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.