Bernard S. Meyer, J.
Defendant trucking company’s sales manager submitted to the town on defendant’s behalf a bid for a contract to supply four trucks and drivers and helpers. The bid was submitted on a printed form supplied by the town. The form sets forth printed “ Conditions,” including: “ (6) Issuance of Town Purchase Order constitutes acceptance of bid.” After the Town Board adopted a resolution accepting defendant’s bid, defendant refused to execute a contract, ostensibly because of the nature of the work for which the trucks were to be used. The contract was readvertised and let to another company and the town in this action seeks damages from defendant. Defendant moves for summary judgment contending that its sales manager was without authority, that the town suffered no damages, and that defendant never became bound because the resolution of acceptance was defectively worded and because the bid by express terms could not be accepted by resolution. The authority of the sales manager is solely within defendant’s knowledge; a triable issue exists concerning the similarity of *420 the trucks obtained by the rebid and the market rental of each; the resolution omitted the words “ is accepted ” but viewed as a whole clearly evidenced the intention to accept defendant’s bid. Therefore, the first three grounds furnish no basis for granting defendant summary judgment.
On the fourth ground, also, the motion must be denied. A contract with a municipal corporation may arise from the submission of a proposal and its acceptance by a resolution adopted by the governing body of the corporation (Village of Lake George v. Town of Caldwell, 3 A D 2d 550, 553, affd. 5 N Y 2d 727). Exceptions to that general rule exist in cases in which ‘ ‘ by legislative fiat, the parties may only be bound where a contract in writing is in fact executed ” (Belmar Contr. Co. v. State of New York, 233 N. Y. 189, 194; Reiss Constr. Co. v. City of New York, 183 Misc. 617, appeal dismissed 77 N. Y. S. 2d 263; Berkeley Unified School Dist. v. Barnes Constr. Co., 112 F. Supp. 396, 398) or in which the bid form or instructions to bidders or the resolution of acceptance specifies that liability is dependent on execution of a contract (Berkeley Unified School Dist. v. Barnes Constr. Co., supra; see Colon Contr. Corp. v. Morrison, 162 N. Y. S. 2d 841, 865, affd. 2 A D 2d 869, motion for leave to appeal denied 2 N Y 2d 710; 10 McQuillin, Municipal Corporations [3d ed.], p. 366, § 29.80). The latter exception stems from the rule that where the parties to an agreement expressly contemplate that the contract be reduced to writing, execution of a formal writing is a condition precedent to liability (Pratt v. Hudson Riv. R. R. Co., 21 N. Y. 305, 308; 1 Clark, New York Law of Contracts, § 17; 1 Williston, Contracts [3d ed.], § 76; 17 C. J. S., Contracts, §§ 42, 49, pp. 380, 391; Anns.: 122 A. L. R. 1217; 165 A. L. R. 756). By such express agreement the parties have manifested the intention not to become bound unless and until a formal document has been formulated and signed. That manifestation of intention is negated, however, when the bidder binds himself to enter into a particular form of contract (Berkeley Unified School Dist. v. Barnes Constr. Co., supra) or where the form of contract is agreed upon after notice of acceptance (Pratt v. Hudson Riv. R. R. Co., supra) for then the execution of a written contract is a formality, not a condition precedent to liability.
Condition (6), it will be noted, called not for the execution of a formal contract by both parties, but for the “Issuance of Town Purchase Order.” The word “issuance” and the use of initial capitals in the words “ Town Purchase Order ” make clear that by the town’s unilateral act of issuing its form of purchase order a contract would come into existence; that is —■ *421 that the bidder bound himself to accept the town’s form of contract. Thus, the parties ‘1 had come to an agreement upon a contract with all its terms and conditions. Then such an agreement may be enforced even if there be an understanding that it is to be embodied in a formal written instrument ” (Belmar Contr. Co. v. State of New York, supra, p. 193).
The court has not overlooked defendant’s argument that when the manner of acceptance is designated in the offer, the offer must be accepted in that manner (see 63 C. J. S., Municipal Corporations, § 993, p. 560). But, as is stated in Williston, Contracts (3d ed., vol. 1, p. 250, § 76): “ Care must be taken in the interpretation of offers to make sure whether the offer imposes an absolute condition as to time, place, or manner of acceptance, or merely suggests a method which will be satisfactory to the offeror; and in determining the interpretation of an offer in this respect, as in other respects, it is frequently necessary to look beyond the literal meaning of the language used.” Since defendant used a bid form supplied by the town, it cannot be said as a matter of law that defendant intended by Condition (6) to limit acceptance to the issuance of a purchase order, rather than the forwarding of a resolution, which under the circumstances “ would serve just as well.” (Restatement, Contracts, § 61, Illustration 4, see, also, Palmer v. Phoenix Mut. Life Ins. Co., 84 N. Y. 63, 71.) The motion for summary judgment is, therefore, denied.