■ GOLDEN ARROW FILMS, INC., Respondent, v. STANDARD CLUB OF CALIFORNIA, INC., Appellant.— Judgment, Supreme Court, New York County, entered on July 27, 1971, in favor of the plaintiff, unanimously affirmed.

Respondent shall recover of appellant $50 costs and disbursements of this appeal. After trial to a jury lasting several days both sides rested at about 5:00 P.M. on a Friday. At the court's suggestion the parties conducted successful settlement negotiations. At about 6:00 P.M. the court was advised that they had reached agreement. By this time the court reporter was unavailable to record the stipulation of settlement. In lieu thereof the Justice made detailed, complete notes of the settlement terms. On the following Monday, the defendant, having had a change of heart, attempted to disavow the settlement and requested that the trial continue to a conclusion. Plaintiff's counsel dictated the terms of the settlement into the record and stated that defendant's counsel had telephoned him on Sunday with the sole request to renegotiate the amounts of the initial payment of $10,000, which he refused to do. Defendant makes the point that the settlement agreement was invalid for failure to comply with CPLR 2104 which provides that such an agreement, unless made in open court, must be in writing. The defendant is a close family corporation. Its president (there is some indication in the record that he is also the majority stockholder) participated in the settlement negotiations and personally informed the court of his consent. Of course, the better practice is to reduce settlement stipulations to either writing or to enter them in the record in open court. Here, however, there is no dispute that full agreement had been reached, nor is there any dispute as, to the terms thereof. A record was made in written notes by the Justice in his chambers. Under the unique facts and circumstances of this case, we hold that there was substantial compliance with CPLR 2104. (See *Gass* v. *Arons*, 131 Misc. 502.) Our affirmance herein should in no way be construed as a departure from the requirements of said rule, lest unquestionable settlements be subsequently impugned by one of the consenting parties. Concur — Stevens, P. J., McGivern, Markewich, Nunez and Murphy, JJ.