OPINION OF THE COURT
 

 Gabrielli, J.
 

 The issue in this case is whether the Town of Ramapo is contractually obligated to receive and pay for the services offered by the petitioner Municipal Consultants & Publishers, Inc. (Municipal). For the reasons which follow we conclude that there existed an enforceable contract between the parties, and we therefore affirm the order of the Appellate Division.
 

 On June 10, 1976 Municipal, at the request of the town, submitted a written proposal in the form of a contract to the Town of Ramapo offering to codify its ordinances and local laws for a sum specified in the proposal. On July 21 Municipal agreed to certain changes suggested by the town attorney, but no formal action was taken at that time on behalf of the town on the proposal. Finally, on February 9, 1977 the town board formally acted on it, and agreed to engage petitioner’s services.
 

 
 *148
 
 By resolution No. 77-54 the town (1) authorized the town attorney to accept the proposal; (2) authorized the supervisor to sign the agreement, and (3) provided payment for the work. The resolution adopted by the town board on February 9, 1977, in pertinent part, provided that:
 

 "RESOLVED by the Town Board of the Town of Ramapo that authorization be hereby granted for the Town Attorney to accept the proposal submitted by Municipal Consultants & Publishers, Inc., of 64 Seneca Street, Geneva, New York, to codify Ordinances and Local Laws of the Town of Ramapo, and
 

 "BE IT FURTHER RESOLVED that the Supervisor be hereby authorized to execute the Agreement between the Town of Ramapo and Municipal Consultants & Publishers, Inc., and
 

 "BE IT FURTHER RESOLVED that the sum of $10,000.00 for the first 450 pages or less and $20.00 per page for each additional page in excess of 450 pages, be hereby paid to Municipal Consultants & Publishers, Inc. for services rendered.”
 

 On February 15, 1977, the town attorney notified Municipal that the agreement had been approved, forwarded copies of the agreement for Municipal to execute, and stated he looked forward to a long and pleasant relationship.
 

 Ramapo’s supervisor, however, never signed the contract. It appears that one of Municipal’s competitors, long after the passage of the resolution authorizing the agreement, offered to do the work for a lesser sum. The parties met in an attempt to work out their differences but to no avail. This article 78 proceeding ensued requesting that the court declare the contract valid and enforceable and also to direct the supervisor and town attorney to deliver an executed copy of the agreement.
 

 The primary issue presented is whether the contract is enforceable against the town without the signature of the supervisor.
 

 Generally, where the parties contemplate that a signed writing is required there is no contract until one is delivered
 
 (Scheck v Francis,
 
 26 NY2d 466;
 
 Schwartz v Greenberg,
 
 304 NY 250). This rule yields, however, when the parties have agreed on all contractual terms and have only to commit them to writing. When this occurs, the contract is effective at
 
 *149
 
 the time the oral agreement is made, although the contract is never reduced to writing and signed. Where all the substantial terms of a contract have been agreed on, and there is nothing left for future settlement, the fact, alone, that it was the understanding that the contract should be formally drawn up and put in writing, did not leave the transaction incomplete and without binding force, in the absence of a positive agreement that it should not be binding until so reduced to writing and formally executed
 
 (Disken v Herter,
 
 73 App Div 453, affd 175 NY 480; 1 Williston, Contracts, § 28; see, also,
 
 Matter of Meister,
 
 39 AD2d 857, affd 32 NY2d 626;
 
 Belmar Contr. Co. v State of New York,
 
 233 NY 189, 194). Here, of course, there was no understanding that the agreement would not be binding, short of formal execution by the supervisor; and the facts of the case before us fall within the legal framework of the last above-cited cases. All the terms of the contract had been negotiated and agreed upon. They were, in fact, expressed in Municipal’s written standard contract which had been modified in several slight respects through negotiations. There was no understanding or agreement that the contract would not be binding until both parties had signed it, and therefore it is enforceable although it was never memorialized with a mutually signed writing.
 

 We now further address the question of whether the authorizing resolution No. 77-54 constituted an acceptance of the proposal. The resolution of the town board authorized the town attorney to accept the contract on behalf of the board and authorized, but did not specifically direct, in so many words, the supervisor to sign the agreement on behalf of the town (cf.
 
 Village of Lake George v Town of Caldwell,
 
 3 AD2d 550, 552, affd 5 NY2d 727). Because the supervisor never signed the agreement the town maintains that it never fully assented to it. This concept we reject.
 

 Subdivision 6 of section 64 of the Town Law reposes exclusive authority in the town board to award contracts; and it further provides that "the same
 
 shall
 
 be executed by the supervisor in the name of the town after approval by the town board” (emphasis added). The section does not recognize any discretion on the part of the supervisor to pass on the award of contracts; in fact it is quite the opposite, in effect, by instructing him or directing that he act. The ministerial nature of the supervisor’s function is further emphasized by section 29 of the Town Law which delineates the powers and
 
 *150
 
 duties of the supervisor. Despite the breadth of the responsibilities outlined therein, nowhere does there appear any authority or responsibility to
 
 agree
 
 to or to have any discretionary authority in anywise relating to the execution of contracts authorized or adopted by the board.
 

 Hence, the town board’s resolution which authorized the supervisor to sign the agreement on its behalf was an acceptance of the offer made by Municipal
 
 (Orelli v Ambro,
 
 51 AD2d 85, revd on other grounds 41 NY2d 952;
 
 Village of Lake George v Town of Caldwell,
 
 3 AD2d 550, affd 5 NY2d 727,
 
 supra; Town of Hempstead v United States Trucking Corp.,
 
 31 Misc 2d 419). Nothing further was necessary to create an enforceable contract. The supervisor’s refusal to perform the ministerial act of signing the contract was therefore unlawful, and an article 78 proceeding in the nature of mandamus lay to compel his action (see
 
 Belmar Contr. Co. v State of New York,
 
 233 NY 189,
 
 supra).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Fuchsberg concur with Judge Gabrielli.
 

 Order affirmed.