OPINION OF THE COURT
Seymour Schwartz, J.
This action was argued orally on certain stipulated facts. The argument was recorded and it was agreed that the court could grant judgment in this fashion in lieu of trial.
The facts are simple. During the pendency of a commercial action to recover $3,210 (the amount originally sued for was $3,710 but plaintiff concedes $500 was paid) an examination before trial was scheduled at defendants’ attorney’s office. At the examination defendant Haber was present but before the *1056 examination actually began, the action was settled for $2,000. The settlement stipulation was taken down by the stenotype reporter and subsequently transcribed. Defendants concede the authenticity of the transcript marked in evidence and do not contest its accuracy. They claim, however, that defendants made a unilateral mistake, believing they would be given credit on the settlement for the prior $500 payment and in any event that the agreement was invalid for failure to comply with CPLR 2104.
The stipulation on its face is clear and unambiguous. It calls for a settlement of $2,000, payable $1,000 on or before June 30, 1978, and $1,000 on or before July 30, 1978, the return of mechanicals and film by plaintiff and, upon completion of payment, a stipulation of discontinuance executed by plaintiff and the exchange of general releases. Defendants have now conceded in their memorandum of law that a unilateral mistake by defendants is insufficient to abrogate an otherwise proper stipulation of settlement.
The remaining issue to be determined is whether the settlement stipulation complies with CPLR 2104. That rule provides: "An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.”
The statute excepts open court stipulations because they are generally recorded. (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2104:2, p 560.) It has been held that the rule covers stipulations concerning the management of the litigation and stipulations of settlement. (Matter of Dolgin Eldert Corp., 31 NY2d 1, 5.) In that case, Judge Breitel held (pp 5-6) that the term "open court” is defined as follows: "It refers to a judicial proceeding in a court, whether held in public or private, and whether held in the court house, a courtroom, or any place else, so long as it is, in an institutional sense, a court convened, with or without a jury, to do judicial business.” The court noted that the "open court” exception is necessary only when there is no subscribed writing or other record to evidence the stipulation. If it appears that a stipulation was in fact made and relied upon by the adverse party, a party may be prevented from using CPLR 2104 to avoid even an oral out-of-court stipulation. As *1057 stated by Weinstein-Korn-Miller (2A NY Civ Prac, par 2104.04), "The decisions so holding recognize that the rule requiring a writing is one of convenience, designed to relieve the courts from having to resolve embarrassing factual disputes between counsel, and sometimes between counsel and the court, as to the making and terms of the stipulation; and they refuse to permit its use against a party who has been misled or deceived by the oral stipulation to his detriment.”
In Golden Arrow Films v Standard Club of Cal. (38 AD2d 813), a record of settlement was made in written notes by the Judge in his chambers. The court held that where there was no dispute that full agreement had been reached or any dispute as to the terms with a record made in written notes by the Justice in his chambers, there was substantial compliance with CPLR 2104.
In analyzing the rule, Weinstein-Korn-Miller (2A NY Civ Prac, par 2104.04) states: "Attorneys should honor their oral agreements made outside of court. (Drinker, Legal Ethics, 194-95 (1953); Canons of Professional Ethics, Canon 25). The requirement of CPLR 2104 of a writing may not be used to excuse a breach of lawyer’s etiquette or to condone a failure to meticulously observe an oral commitment.”
Here, the examination before trial was scheduled pursuant to statute and under the aegis of the court. (CPLR 3102, subds [a], [b].) Either party was free to obtain court rulings during the examination or to appropriately move the court regarding the conduct of the examination including a request that the court actually monitor the examination (CPLR 3103, 3104). Such examinations are frequently conducted at the court but the fact that for the convenience of the parties it was held at defendants’ attorney’s office does not diminish the authorization of the court. Defendant was personally present, made no objection to the settlement stipulation, the stipulation was recorded contemporaneously, reduced to writing, is concededly accurate and is unambiguous. Solemnity, formality and accuracy have been satisfied and the underlying purpose of CPLR 2104 has been substantially complied with. (Golden Arrow Films v Standard Club of Cal., supra.)
Judgment for plaintiff for $2,000, plus interest.