OPINION OF THE COURT
Shanley N. Egeth, J.
In this action on a performance bond plaintiff moves for enforcement of a stipulation of settlement (see Teitelbaum Holdings v Gold, 48 NY2d 51).
There is no dispute that the parties to this action orally agreed to settle it out of court for $350,000. The settlement was reported to the court by the defendant’s attorney, a few days prior to the date scheduled for picking a jury. Settlement documents including an assignment, release and guarantee were forwarded by defendant to plaintiff for execution. They were executed and returned to defendant’s counsel in escrow pending delivery to plaintiff of a check in the settlement sum. Plaintiff alleges without contradiction that after the receipt of these documents the defendant’s attorney stated that the settlement check had been forwarded. In fact, it had not. Thereafter a principal of the defendant read a newspaper article reporting that plaintiff and its principals had been indicted by a Federal Grand Jury for allegedly taking kickbacks from the contractor whose nonperformance precipitated the instant action on the performance bond. Defendant then advised plaintiff that it would not honor the agreement of settlement.
In opposing this motion, the defendant does not dispute that the settlement was agreed to by all parties in accordance with plaintiff’s account, or that counsel had authority to make the settlement agreement, but rather argues (1) that it is unenforceable under CPLR 2104; ¡and (2) it is unenforceable because it was induced by fraud in that plaintiff did not advise defendant of the pending Grarid Jury proceeding.
CPLR 2104 provides as follows: "An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by *469 him or his attorney or reduced to the form of an order and entered.”
Although the Third Department has held that settlements discontinuing an action do not come within this section (Langlois v Langlois, 5 AD2d 75), the First and Second Departments have applied the section to such settlements (see 2A Weinstein-Korn-Miller, NY Civ Prac, par 2104.03, pp 21-31— 21-32, and cases therein cited). It is clear that in the instant case the settlement agreement was not evidenced by a writing subscribed by the defendant or its attorney. It is likewise clear that it was not one made between counsel in open court. (Matter of Dolgin Eldert Corp., 31 NY2d 1, 10.)
Nevertheless, this court concludes that the settlement stipulation must be enforced based upon the unique facts of this case. This is not a situation like that involved in Dolgin Eldert (supra), where there was disagreement between the parties as to the terms of the settlement. Here there is no dispute as to the terms or as to the fact that the parties entered into agreement. As a matter of fact, it was the repudiating defendant’s counsel who reported the settlement to the clerk to be entered, as it was, in the court’s minute book. This case is more appropriately governed by the rationale of the decision of the First Department in Golden Arrow Films v Standard Club of Cal. (38 AD2d 813). In that case the conference was held before a Judge, who made detailed notes of the settlement. The appellate court, while not finding that the "open court” exception to CPLR 2104 applied, held (p 814): "Here, however, there is no dispute that full agreement had been reached, nor is there any dispute as to the terms thereof. A record was made in written notes by the Justice in his chambers. Under the unique facts and circumstances of this case, we hold that there was substantial compliance with CPLR 2104.”
At bar, the attorney for the repudiating defendant prepared documents which conformed to the oral settlement agreement, and transmitted them to the attorney for the movant under circumstances which clearly justified the recipient’s assumption that after their execution and return, an agreement would be formally consummated, and the settlement proceeds forthcoming.
These facts would appear to justify a determination that upon execution by plaintiff of the settlement documents sent by the defendant there was substantial compliance with CPLR *470 2104, or more appropriately, that the defendant by its conduct is estopped from relying upon | a technical noncompliance with the statute. The following language contained in paragraph 2104.04 of volume 2A of Weinstein-Korn-Miller, New York Civil Practice, is applicable: "A party may be prevented from invoking CPLR 2104 to avoid an oral out-of-court stipulation if it appears that the stipulation was in fact made and relied upon by the adverse party. The decisions so holding recognize that the rule requiring a writing is one of convenience, designed to relieve the courts from having to resolve embarrassing factual disputes between counsel, and sometimes between counsel and the court, as to the making and terms of the stipulation; and they refuse to permit its use against a party who has been misled or deceived by the oral stipulation to his detriment.”
The Dolgin court (31 NY2d 1, supra), upon which defendant relies, expressly distinguished its situation from one where the terms and fact of making a settlement were undisputed, and a party had relied on the settlement. (See, also, Hub Press v Sun-Ray Light. Co., 100 Misc 2d 1055.) Here, in the case at bar, plaintiff has relied on the! oral settlement by fully executing and delivering the settlement documents, and not proceeding to an immediately available trial. Defendant, by its conduct, both invited and encouraged plaintiff to so rely.
Accordingly, the court holds that CPLR 2104 does not bar the enforcement of this agreement.
Defendant’s contention that the agreement was fraudulently induced must likewise be rejected. Defendant asserts that its amended answer contained an affirmative defense alleging that plaintiff made excessive overpayments to the contractor thereby depriving said contractor of any incentive to continue work on the contract. It contends that the payment of the kickbacks charged in the Grdnd Jury indictment, if proved, would be inferential proof off claimed overpayments, which had to be made to provide the moneys for the kickbacks. Defendant therefore claims that the plaintiff’s failure to reveal the pendency of the Grand Jury proceedings constituted a fraudulent concealment, which would justify a voiding of the settlement agreement.
This argument must be rejected. There was no duty extending to this defendant requiring that at the time of settlement plaintiff reveal the pendency of Grand Jury investigation which was then incomplete. Nor does the fact that the *471 indictment described herein materialized have any probative value as to the issues in this case.
Of even greater consequence to the issue of fraudulent inducement is the fact that defendant was aware of its claim of overpayment prior thereto, and raised the claim in its answer interposed in this action. This claim existed at the time of the mutually agreed upon settlement, and its relinquishment was obviously one of the items bargained for in effectuating it.
The discovery of this Grand Jury indictment subsequent to the settlement agreement, therefore, provides no justification for a unilateral disaffirmance of the mutual agreement of the parties.
Accordingly, plaintiff is entitled to enforcement of the stipulation of settlement and may enter judgment in the sum of $350,000, with interest from March 11, 1980.