■ RHULEN AGENCY, INC., Respondent, v GRAMERCY BROKERAGE, INC., et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered August 30, 1983 in Sullivan County, upon a decision of the court at Trial Term (Williams, J.), with an advisory jury.

Both plaintiff and defendant Gramercy Brokerage, Inc., are insurance agencies. Plaintiff's more extensive operation enabled it to obtain certain policies of insurance which defendant was unable to write. Consequently, on July 20, 1976, plaintiff and defendant entered into a brokerage agreement which permitted defendant to solicit the services of plaintiff to obtain policies of insurance for defendant's clients. The agreement provided that defendant would be liable for the payment of all premiums which would become due on the coverage obtained by plaintiff in the event defendant's clients failed to make the required payments. The agreement further provided that either party could terminate the agreement at any time on the giving of 10 days' written notice of such termination.

Plaintiff commenced an action against defendant and its president demanding reimbursement of $7,063.59 of premiums earned but unpaid by defendant's clients. In its answer, defendant alleged affirmatively that it had terminated the brokerage agreement by letter dated January 19, 1977, effective February 1, 1977. Plaintiff denied receipt of the letter.

Trial took place with an advisory jury which was charged with the single responsibility of determining whether the letter terminating the agreement was received. Before the case went to the jury, plaintiff moved for a directed verdict in its favor and the trial court reserved decision. The jury verdict was in favor of defendant and plaintiff immediately renewed its motion for a directed verdict. After both parties had the opportunity to submit memoranda of law and after due deliberation, the trial court granted plaintiff's motion and gave plaintiff judgment for the amount of money demanded in the complaint, finding that defendant's proof failed to establish its affirmative defense. This appeal ensued.

In order to establish its affirmative defense, defendant was not required to prove that the letter was actually deposited in a mailbox. However, existence of a course of individual or office practice, whereby the letter naturally would have been mailed, must be established (*Gardam & Son v Batterson,* 198 NY 175; *A & B Serv. Sta. v State of New York,* 50 AD2d 973, 974). It is necessary to prove by testimony of the person who mails them that letters are customarily placed in a certain receptacle and are invariably collected and placed in a mailbox (*id.;* see, also, Richardson, Evidence [10th ed], § 80, pp 55-56). At the least, defendant was required to provide proof that defendant's office practice and procedure was actually followed (*Nassau Ins. Co. v Murray,* 46 NY2d 828). Defendant's proof failed in this respect

and the trial court properly disregarded the advisory jury's verdict for defendant and entered judgment for plaintiff (see CPLR 4403).

Although there was no proof presented by plaintiff in support of the allegations of its complaint regarding damages, the trial court granted judgment for plaintiff for the amount demanded. Prior to trial, the parties had entered into a stipulation before the Judge in chambers which was not reduced to writing. It is clearly evident that the trial court relied upon the stipulation of the parties which it referred to in its decision. The court concluded that because of the stipulation, the only issue of fact which existed was the affirmative defense of termination of the brokerage agreement.

Defendant argues that CPLR 2104 requires reversal since the stipulation entered into was neither in writing nor made in open court. There is no question that a stipulation was entered into. Counsel for both parties acknowledged on the record that they had agreed in a pretrial conference as to the specific issue the court would submit to the advisory jury. At the beginning of the trial, plaintiff's counsel asked "that the stipulation that was entered into in chambers last week be reaffirmed as a stipulation in open court on the record". Counsel for defendant responded, "I have no objection."

Although the record does not indicate the wording of the stipulation, the order and conduct of the trial is most indicative of its terms. Whether the cause of action would succeed or fail depended only upon the success or failure of defendant in establishing its affirmative defense. Defense counsel has never suggested any other version. Defendant began the presentation of evidence by first putting in proof on its claimed affirmative defense. The complete order of trial was reversed from the ordinary.

CPLR 2104 provides: "An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered." Judicial policy favors enforcement of stipulations (*Nishman v De Marco,* 76 AD2d 360, 368, app dsmd 53 NY2d 642). Here, there is no dispute that the parties entered into a stipulation (see *Tenwood Assoc. v United States Fire Ins. Co.,* 104 Misc 2d 467, 469), as established by counsel's acknowledgment on the record. Further, the conduct of the trial clearly evinces the intent of the procedural stipulation that counsel openly acknowledged. Thus, the instant case is more akin to that presented in *Golden Arrow*

*Films v Standard Club* (38 AD2d 813), where the nature and existence of the stipulation are undisputed. The trial court and plaintiff in this case relied on defendant's concurrence in resolving the case (see *Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 11). "[W]here there is no dispute as to terms it is eminently reasonable to refuse to permit use of the rule against a party who has * * * relied upon [the stipulation to his detriment] [citation omitted]. A party opposing a settlement may be estopped from relying upon a technical noncompliance with CPLR 2104 [citation omitted]" (*Hansen v Prudential Lines,* 118 Misc 2d 568, 575). Here, defendant acknowledged the existence of the stipulation and the conduct of the trial supports the trial court's decision relying on the stipulation. While we do not purport to extend or compromise the intent of the statute, defendant should not be permitted to take refuge in the technical provisions of CPLR 2104 where, as here, there has been substantial compliance with its requirements (*Golden Arrow Films v Standard Club, supra,* p 814; cf. *Van Syckle v Powers,* 106 AD2d 711).

The complaint sets forth that the amount plaintiff claims is due was the result of the sale of more than one insurance policy to defendant's clients during the period September 13, 1976 to January 30, 1978. It is impossible to establish from the record the specific dates each amount became due. Consequently, we are unable to calculate the correct amount of interest and the matter must be remitted to Trial Term for its determination. CPLR 5001 (subd [b]) provides that "[w]here such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date".

Judgment modified, on the law, without costs, by reversing so much thereof as awarded plaintiff interest from September 13, 1976, matter remitted to Trial Term for recalculation of the interest award, and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.