**INTERSPACE INCORPORATED, Plaintiff,**

v.

**Stanleigh MORRIS and Dirck Snyder, Defendants.**

**No. 83 Civ. 6671 (MEL).**

United States District Court, S.D. New York.

Dec. 22, 1986.

Crummy, Del Deo, Dolan, Griffinger & Vecchione, John P. Connors, Staten Island, N.Y., for plaintiff; John H. Klock, of counsel.

Mudge, Rose, Guthrie, Alexander & Ferdon, New York City, for defendant Dirck Snyder, John L. Altieri, Jr., of counsel.

LASKER, District Judge.

This dispute centers upon the enforceability of a settlement agreement between plaintiff Interspace, Inc. and defendants Stanleigh Morris and Dirck Snyder. Interspace moves for enforcement of a consent judgment, arguing that such relief is appropriate because a consent judgment has been signed by all parties and is fully binding. Defendant Snyder opposes the motion, arguing first, that he did not enter into a binding agreement because he withdrew his consent before the proposed judgment could be submitted to the court for approval, and second, that if the settlement agreement is found to be binding, it should not be enforced because (a) the consent judgment does not comport with an agreement among the parties that all liability would be satisfied by defendant Morris; and (b) Snyder was not adequately represented by counsel at the time the judgment was drafted. Defendant Morris has not opposed the motion.

The facts are not in dispute. In September 1983 Interspace commenced an action against defendants Morris and Snyder for reimbursement of expenses and the return of a computer system in connection with a failed business partnership between the parties. In early 1984, the parties agreed to a settlement by which the defendants would pay Interspace the sum of $15,000 plus interest in exchange for termination of the lawsuit and waiver of any other claims against the defendants. Affidavit of John H. Klock, Exhibit A (July 14, 1986) ("Klock Affidavit"). Counsel for Interspace drafted the consent judgment and on May 3, 1984 sent it to counsel for defendants for defendants' signatures. *Id.* at ¶ 5. Both defendants and defendants' counsel signed the consent judgment and on June 22, 1984 sent it back to Interspace for signature by Interspace's representative and counsel. *Id.* at ¶ 6. On August 8, 1984, counsel for Interspace returned the signed consent judgment for the defendants to initial three minor changes in one paragraph, *id.* at ¶¶ 7–8, and on September 12, 1984, I entered an order of discontinuance in the case, "all parties having appeared and advised the Court that all claims here have been settled," Order of Discontinuance (September 12, 1984).

Unfortunately, however, the minor changes made by Interspace's counsel were never initialled and the judgment was never returned to Interspace for filing. Thereafter, Snyder retained a new lawyer (both defendants had previously been represented by the same counsel) who announced on

January 30, 1985 that the consent judgment was objectionable to Snyder. Klock Affidavit at ¶ 11. Interspace moved to enforce the settlement in July 1985. Defendant Morris opposed the motion as premature, arguing that the settlement payment was not due until October 1985. *Id.* at ¶¶ 14–15. Defendant Snyder opposed the motion on the same grounds on which he opposes the present motion. Morris was then ordered, pursuant to ¶ 3 of the consent judgment, to secure the payment agreed to in the consent judgment by submitting a stock power in escrow to Interspace. Order Directing Turnover of Stock Warrant (July 31, 1985). Although the date specified in the consent judgment for payment passed more than a year ago, no payment has been made to Interspace, nor has the stock been turned over to it.

 Snyder's first argument is that no binding, final agreement was entered into because he withdrew his consent before submission of the proposed judgment for court approval. A consent judgment is a contract to end a lawsuit in which the relief to be provided by the judgment and the wording to effectuate that relief are agreed to by the parties. *See Janus Films, Inc. v. Miller*, 801 F.2d 578, 582–83 (2d Cir.1986). An agreement to compromise and settle a claim may be enforced as a contract, *see Fustok v. Conticommodity Services, Inc.*, 577 F.Supp. 852, 858 (S.D.N.Y.1984), and the ordinary rules of contract interpretation control, *see Mikropul Corp. v. Desimone & Chaplin-Airtech, Inc.*, 599 F.Supp. 940, 943 (S.D.N.Y.1984).

 Applying these principles to the agreement in question here, I conclude that it is a binding and enforceable contract.

The parties negotiated and agreed upon a settlement and memorialized it in a writing which all parties signed. Under general contract principles and, specifically, under New York law,[1] such an agreement is binding despite the fact that it was never submitted for court signature and filing. *See* N.Y.Civ.Prac.Law § 2104 (McKinney 1976). The fact that the defendants never initialled the three minor changes added to the agreement by Interspace, which were essentially only clarifications of the existing agreement,[2] does not defeat the settlement agreement's enforceability. Where all the substantial terms of a contract have been agreed on and there is nothing left for future settlement, an agreement is enforceable even if it is not technically fully executed. *See Municipal Consultants & Publishers v. Town of Ramapo*, 47 N.Y.2d 144, 149, 417 N.Y.S.2d 218, 220, 390 N.E.2d 1143, 1145 (1979) (finding a contract where agreement was drawn up but not signed, since signing had been authorized and was purely ministerial); *A.J. Tenwood Associates, Inc. v. United States Fire Insurance Co.*, 104 Misc.2d 467, 428 N.Y.S.2d 606, 608 (Sup.Ct.N.Y.Co.1980) (where defendant's conduct in agreeing to settlement "both invited and encouraged" plaintiff to rely "on the oral settlement by fully executing and delivering settlement documents, and not proceeding to an immediately available trial," technicality will not bar enforcement of stipulation of settlement). Moreover, the fact that Snyder withdrew his consent to the consent judgment cannot render the agreement unenforceable, especially since he did not voice his objections until eight months after all the terms had been agreed

---

**1.** While neither side has briefed the issue, since the offices of the partnership and the computer which this dispute centers upon are in New York, the State of New York has the most significant relationship to this action, and, therefore, its law is controlling. *See Camrex Contractors v. Reliance Marine Applicators*, 579 F.Supp. 1420, 1426 n. 8 (E.D.N.Y.1984).

**2.** Paragraph 2 of the Consent Judgment originally read:

That the defendants Stanleigh Morris and Dirck Snyder jointly and severally will pay to the plaintiff the sum of $15,000 at the rate of 10% per annum. The payment will be made by paying to the plaintiff the aforesaid sum on or before October 1, 1985.

Klock Affidavit at Exhibit E. Interspace then inked in the following insertions to the paragraph for defendants to initial: (1) "plus interest" after "$15,000"; (2) "From February 8, 1984" after "per annum"; and (3) "of principal plus interest" after "the aforesaid sum."

on and more than five months after all parties had signed the agreement.

 Snyder also argues that even if the agreement is fully executed, it should not be enforced because first, it does not comport with an understanding among the parties that all liability would be satisfied by Morris and second, Snyder was not adequately represented by counsel at the time the judgment was drafted. Settlement agreements are favored by the courts and will not be set aside in the absence of cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident. *See Hallock v. State of New York,* 64 N.Y.2d 224, 229, 485 N.Y.S.2d 510, 512, 474 N.E.2d 1178, 1180, (1984). Neither of the grounds suggested by Snyder is sufficient to justify invalidating the settlement agreement. First, the contract which Snyder signed clearly stated that the payment to Interspace was to be from both defendants "jointly and severally." Klock Affidavit at Exhibit E ¶ 2. Under the parole evidence rule, any agreement to the contrary could not be considered for any purpose and certainly could not provide grounds for invalidation of the agreement. Second, after signing the settlement agreement and voicing no objections to it for months afterwards, Snyder cannot prevent enforcement by a claim of inadequate representation of counsel. If, as alleged, Snyder's former counsel gave him poor advice about the effect of signing the consent judgment on his personal liability, it is Snyder and not Interspace who must bear the burden of that misfeasance. *See Hallock,* 64 N.Y.2d at 230, 485 N.Y.S.2d at 513, 474 N.E.2d at 1181 (claim that former attorney lacked authority to enter into settlement agreement will not prevent its enforcement: objecting parties "are relegated to relief against their former attorney for any damages which his conduct may have caused them").

The motion for enforcement of the consent judgment is granted. Submit proposed judgment upon notice.