Neil BRAUN, Plaintiff—Appellant,

v.

CMGI, INC., Icast Corp., David
Wetherell, Defendants—
Appellees.

No. 02–7551.

United States Court of Appeals,
Second Circuit.

May 19, 2003.

Lawrence O. Kamin (Christopher J. St.
Jeanos, Kathryn H. Bodkin, of counsel),
Willkie Farr & Gallagher, New York, NY,
for Appellant.

Peter J. Macdonald (Gabrielle R. Wolo-
hojian, Mary B. Strother, C. Tama Dono-
van, of counsel), Hale and Dorr LLP, Bos-
ton, MA, for Appellees.

PRESENT: JACOBS, F.I. PARKER,
and Circuit Judges.*

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT
BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CIT-
ED AS PRECEDENTIAL AUTHORITY
TO THIS OR ANY OTHER COURT,

---

* The Honorable Lewis A. Kaplan of the United
States District Court for the Southern District
of New York, sitting by designation, originally
a member of the panel, recused himself subse-
quent to oral argument, and the appeal is
being decided by the remaining members of
the panel, who are in agreement. *See* 2d Cir.
R. § 0.14(b).

BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 19th day of May, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff–Appellant Neil Braun appeals from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*), granting summary judgment to Defendants–Appellees CMGI, Inc. ("CMGI") and iCAST Corp. ("iCAST") on Braun's breach of contract and promissory estoppel claims.

### I.

At a January 31, 1999 meeting in Boca Raton, Florida, David Wetherell, the Chairman and Chief Executive Officer of CMGI, discussed with Braun the prospect that Braun would become President and CEO of a new internet-broadcasting company (later known as iCAST) to be formed and funded by CMGI. Wetherell and Braun discussed Braun's potential compensation, and agreed that stock options in CMGI and iCAST would be included as part of the package. According to Braun, Wetherell promised that all of Braun's stock options would immediately vest if

Braun were ever terminated without "cause."

Braun began working for Wetherell on February 10, 1999, but the employment relationship soured over the ensuing months and ended with Braun's termination on November 12, 1999. On December 22, 1999, Braun filed claims for breach of contract, promissory estoppel, and *quantum meruit* against CMGI, iCAST, and Wetherell. Braun alleged that he had been terminated without cause, and therefore he was entitled to exercise the promised stock options (which were then purportedly worth $46 million), but the defendants disagreed.

By order dated August 15, 2001, Judge Pauley granted CMGI's and iCAST's motion for summary judgment on Braun's claim for breach of contract, concluding as a matter of law that the parties never intended to be bound by their oral agreement at the January 31, 1999 meeting absent a signed writing. At a February 6, 2002 hearing, Judge Pauley granted summary judgment to defendants on Braun's promissory estoppel claim, concluding that (i) the alleged promise that the stock options would immediately vest upon termination without "cause" was insufficiently definite prior to a March 1999 meeting at which the parties agreed on a definition of "cause," and (ii) Braun could not establish detrimental reliance after the March 1999 meeting by his continued service at CMGI. Braun's claim for *quantum meruit* proceeded to trial, and a jury awarded him $113,482.24.[1]

### II.

We review the district court's grant of summary judgment *de novo*. *See Young v.*

---

1. Wetherell won summary judgment as to all claims against him, and that ruling has not been appealed.

*County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998). In doing so, we construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Maguire v. Citicorp Retail Servs., Inc.,* 147 F.3d 232, 235 (2d Cir.1998). Summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Braun's principal argument on appeal with respect to his breach of contract claim is that there is a genuine issue of material fact as to whether the parties intended their January 31, 1999 oral agreement to be binding despite the absence of a writing.

As Judge Pauley recognized, a contract can be formed under New York law without the execution of a written document, *see Mun. Consultants & Publishers v. Town of Ramapo,* 47 N.Y.2d 144, 148–49, 417 N.Y.S.2d 218, 390 N.E.2d 1143 (1979), and the binding nature of an oral agreement depends on (1) whether a party has made an "explicit statement that it reserves the right to be bound only when a written agreement is signed," (2) "whether one party has partially performed," (3) "whether there was literally nothing left to negotiate or settle, so that all that remained to be done was to sign what had already been fully agreed to," and (4) "whether the agreement concerns those complex and substantial business matters where requirements that contracts be in writing are the norm rather than the exception." *R.G. Group, Inc. v. Horn & Hardart Co.,* 751 F.2d 69, 75–76 (2d Cir. 1984) (reciting New York law).

Braun's own testimony at depositions, as follows, establishes that the parties did not intend their oral understanding to be binding in the absence of a writing: Wetherell told Braun at the January 31, 1999 meeting that CMGI required a written offer letter reflecting the terms of employment; and Wetherell promised to send, and Braun expected to receive, a written offer letter setting forth the terms of employment discussed at the January 31, 1999 meeting (base compensation, quarterly performance bonuses, and stock options). Although Braun testified that he called Wetherell in early February to orally accept the offer, this "acceptance" did not vitiate CMGI's requirement of a writing. Moreover, Braun's oral "acceptance" is incompatible with Braun's contemporaneous written correspondence to Wetherell expecting and seeking a written offer letter; thus Braun sent Wetherell a February 5 email saying that he was "[p]oised and ready. When should I expect [the] document?" Braun received a draft offer letter the following day, however Braun did not sign an offer letter until *after* his termination in November 1999. Together, these facts (and others not recited herein) demonstrate an express reservation by CMGI to be bound only by a writing.

The second factor—partial performance—tilts in Braun's favor; but we agree with Judge Pauley's conclusion that the third and fourth factors militate the other way. The fourth factor—whether the agreement is the type typically committed to writing—is especially telling. A sophisticated party such as Braun could not reasonably have believed that an options package, which both parties hoped would become very valuable, would be fixed and made enforceable in a conversation.

We see no error in the district court's grant of summary judgment in favor of CMGI and iCAST on Braun's breach of contract claim, notwithstanding the undis-

**304**

puted evidence of Braun's partial performance. *See Arcadian Phosphates, Inc. v. Arcadian Corp.,* 884 F.2d 69, 73 (2d Cir. 1989) (affirming summary judgment notwithstanding partial performance by one party, finding intent readily determinable from exchanged documents or proposals).

### III.

Under New York law, the elements of promissory estoppel are (i) a clear and unambiguous promise by the promisor; (ii) reasonable and foreseeable reliance by the promisee; and (iii) an injury to the promisee. *Reprosystem, B.V. v. SCM Corp.,* 727 F.2d 257, 264 (2d Cir.1984). Judge Pauley concluded that (i) before a March 1999 meeting at which the parties agreed on a definition of "cause," there was no clear and ambiguous promise, and (ii) Braun could not establish detrimental reliance after the March 1999 meeting by the mere fact that he remained at CMGI. For substantially the reasons stated by Judge Pauley at the February 6, 2002 hearing, we agree that CMGI and iCAST were entitled to summary judgment on Braun's claim for promissory estoppel.

### IV.

We have reviewed all of Braun's remaining contentions, and conclude that they lack merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**