09-1917-cv
Rispler v. Sol Spitz Company, Incorporation Retirement Trust

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> JOHN M. WALKER, Jr.,
> GERARD E. LYNCH,
> > *Circuit Judges.*

---

Arnold Rispler, *et al.,*
> *Plaintiffs-Appellees,*

-v.-                                                                 09-1917-cv

Sheldon Spitz, individually and as Trustee of Sol Spitz Co., Inc. Retirement Trust and Sol Spitz Co., Inc. Profit Sharing Plan and as President of Sol Spitz Co., Inc.,
> *Defendants-Appellants*,

Sol Spitz Co., Inc. Retirement Trust, *et al.,*
> *Defendants*.

---

FOR APPELLANT:          Sheldon Spitz, *pro se*, Massapequa Park, New York.
                        Argued by Christopher A. Bacotti, Law Office of Christopher A.
                        Bacotti, Middle Island, New York.

FOR APPELLEES:    Richard L. Herzfeld, Bahn, Herzfeld & Multer, LLP, New York, New York.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND**

**DECREED** that the district court judgment is **AFFIRMED**.

Defendant–Appellant Sheldon Spitz appeals from the March 19, 2009 order of the United States District Court for the Eastern District of New York (Irizarry, *J.*) which construed a letter written by Spitz to the court as a motion under Fed. R. Civ. P. 60(b) to vacate his agreement to settle this action and denied that motion.

Because the settlement agreement had already been ratified by the court at a fairness hearing on August 11, 2008, the district court did not abuse its discretion in construing Spitz's letter to the court as a motion under Rule 60(b) to vacate the agreement. *See Powell v. Omnicon*, *BBDO/PHD*, 497 F.3d 124, 128 (2d Cir. 2007). This Court reviews a district court's denial of a motion under Rule 60(b) to vacate a settlement agreement for abuse of discretion. *Id.* A settlement agreement is a contract which is "binding and conclusive," *id.*, and is interpreted according to general principles of contract law, *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999).

In this case, the parties agreed that the settlement agreement would be governed by New York law. Under New York law, a court may vacate a stipulation of settlement only upon a showing of good cause, such as fraud, collusion, mistake, duress, lack of capacity, or where the agreement is unconscionable, contrary to public policy, or so ambiguous that it indicates by its terms that the parties did not reach agreement. *See McCoy v. Feinman*, 99 N.Y.2d 295, 302 (2002) (finding a stipulation of settlement is "generally binding on parties that have legal capacity to negotiate"); *Hallock v. State*, 64 N.Y.2d 224, 230 (1984) ("Only where there is cause

sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation. . . .").

The district court did not abuse its discretion in denying Spitz's motion. Spitz was represented by counsel during settlement negotiations and at the subsequent fairness hearing. In his *pro se* letter to the district court, Spitz alleged that he was ill and taking medication at the time he agreed to settle, but he submitted no medical evidence that he did not understand and agree to the settlement. These unsupported allegations were insufficient to demonstrate that he "lacked the mental capacity to understand and agree to the terms of the stipulation of settlement. . . ." *Weissman v. Weissman*, 839 N.Y.S.2d 798, 800 (2d Dep't 2007); *see Mohrmann v. Lynch-Mohrmann*, 809 N.Y.S.2d 115, 116 (2d Dep't 2005) (finding that party failed to demonstrate she lacked capacity where she submitted "no competent, admissible medical evidence to support that assertion").

Spitz proffers additional documents to this Court in support of his lack of capacity claim – including a list of drugs he purchased from his pharmacy and an unsworn letter from a doctor stating that various medical conditions "may alter his cognitive abilities." However, we may not consider these documents because they were never filed in the district court. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 46 (2d Cir. 2000) (finding that evidence submitted for the first time on appeal was "simply not part of the record" and "cannot be considered in deciding this case"). Even if we were to consider these materials, they do not demonstrate that Spitz lacked capacity to enter into the settlement agreement. *See Smith v. Comas*, 570 N.Y.S.2d 135, 136 (2d Dep't 1991) (finding litigant did not demonstrate lack of capacity to enter into a contract where his "medical expert was unable to state with a reasonable degree of medical certainty that the appellant at the time of the transaction at issue would have been unable to understand the nature

3

of the transaction and the consequences of his signing of the contract").

We have considered all of Spitz's remaining arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk