Cornell CURRY, Plaintiff,
v.
NEW YORK CITY POLICE
DEPARTMENT et al.,
Defendants.

No. 09 Civ. 6901(VM).

United States District Court,
S.D. New York.

June 30, 2010.

Cornell Curry, New York, NY, pro se.

Brian Jeremy Farrar, Caroline Ling–Yu Chen, New York City Law Department Corporation Counsel of the City of New York, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Following a settlement conference with Magistrate Judge Henry B. Pitman on June 14, 2010, the parties submitted to the Court for approval a Stipulation and Order of Settlement and Dismissal (the "Stipulation") that resolved this case on the terms set forth in the Stipulation. The Court endorsed and entered the Stipulation on the public record of this action on June 14, 2010. By letter dated June 16, 2010, plaintiff Cornell Curry ("Curry") asserts that on June 15, 2010 he informed defendants' counsel that he wished to withdraw and/or cancel the Stipulation, and that, on the same day, he had endeavored to communicate this request to Magistrate Judge Pitman.

As ground for his application, Curry states that, upon further reflection after his acceptance of the Stipulation at the settlement conference, he now believes that in fact there was no probable cause for the arrest that gave rise to the underlying complaint, and that he feels he could prevail on this issue at the summary judgment stage.

The Court is not persuaded that Curry has made a sufficient showing to warrant vacating the Court's dismissal order, undoing the stipulated settlement and reopening this case. Settlement agreements resolving litigation are governed by principles of ordinary contract law. *See Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir.1999) ("Settlement agreements are contracts and must therefore be construed according to general principles of contract law."); *Janneh v. GAF Corp.*, 887 F.2d 432, 436 (2d Cir.1989) ("A settlement is a contract, and once entered into is binding and conclusive."). Under these principles, "[a] court may vacate a stipulation of settlement only

upon a showing of good cause, such as fraud, collusion, mistake, duress, lack of capacity, or where the agreement is unconscionable, contrary to public policy, or so ambiguous that it indicates by its terms that the parties did not reach agreement." *Rispler v. Spitz,* No. 09–CV–1917, 377 Fed. Appx. 111, 112, 2010 WL 1976734, at \*1 (2d Cir. May 18, 2010); *see Interspace Inc. v. Morris,* 650 F.Supp. 107, 110 (S.D.N.Y. 1986) ("Settlement agreements are favored by the courts and will not be set aside in the absence of cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident.").

Curry presents no facts that satisfy these standards. In essence, the basis for his application is nothing more than that he changed his mind, a case of buyer's remorse. That ground has been repeatedly rejected by the courts as insufficient to authorize withdrawal of a stipulation of settlement, even for a pro se litigant. *See United States v. Bank of New York,* 14 F.3d 756, 760 (2d Cir.1994) ("When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect."); *Pines v. Bruhn,* No. 98–CV–4263, 1999 WL 182671, at \*2 (E.D.N.Y. March 29, 1999) (denying pro se litigant's motion to vacate settlement because the Court found the litigant "made this motion because he is simply dissatisfied, in retrospect, with the settlement to which he agreed.").

Accordingly, Curry's motion to vacate (Docket No. 24) is DENIED.

**SO ORDERED.**