■ COUNTY OF NASSAU, Respondent, v GRAND BALDWIN ASSOCIATES, L.P., Appellant. [10 NYS3d 296]—

In an action for a judgment declaring that a certain lease is invalid and unenforceable, the defendant appeals from an order of the Supreme Court, Nassau County (DeStefano, J.), dated July 1, 2013, which denied its motion for summary judgment, in effect, declaring that the lease is valid and enforceable and on the issue of liability on its counterclaims, and granted the plaintiff's cross motion for summary judgment declaring that the lease is invalid and unenforceable and dismissing the counterclaims.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the lease is invalid and unenforceable.

The County of Nassau, as tenant, and the defendant, as landlord, negotiated a proposed lease of certain property owned by the defendant in Baldwin (hereinafter the proposed lease). The proposed lease contemplated, inter alia, that the defendant would construct a building on the subject property for use by the Nassau County Police Department as a police station. Pursuant to the terms of the proposed lease, the costs and expenses of the contemplated construction were solely to be the County's responsibility. The proposed lease was executed by the defendant on September 30, 2009. In a separate document entitled "AMENDMENT TO LEASE," the parties contemplated amending the proposed lease to add, to the section governing the defendant's above-mentioned construction obligations, a provision requiring the defendant to enter into a Project Labor Agreement with the Nassau Suffolk Building Trades Council (hereinafter the lease amendment).

The defendant executed the lease amendment on December 7, 2009. On December 16, 2009, the partially executed proposed lease and lease amendment were presented to the Nassau County Legislature (hereinafter the Legislature) for approval. By resolution dated December 16, 2009, the proposed lease and lease amendment were approved by the Legislature.

Thereafter, on December 24, 2009, the County Executive of the County of Nassau signed the proposed lease, but the lease amendment was not executed by the County Executive or any of his authorized deputies.

" 'A municipal contract which does not comply with statutory requirements or local law is invalid and unenforceable' " (*Mans Constr. Oversite, Ltd. v City of Peekskill*, 114 AD3d 911, 911 [2014] quoting *Infrastructure Mgt. Sys. v County of Nassau*, 2 AD3d 784, 786 [2003]; *cf. Parsa v State of New York*, 64 NY2d 143, 147 [1984]). Here, the County demonstrated its prima facie entitlement to judgment as a matter of law by establishing that the lease amendment, which was integral to the final agreement between the parties, was not executed by the County Executive or his authorized designee, as required by Nassau County Charter § 2206. Contrary to the defendant's contention, the execution of the lease amendment by the County Executive or his designee was not a purely ministerial act in light of the express language in the lease requiring any modifications thereto to be in writing (*cf. Matter of Municipal Consultants & Publs. v Town of Ramapo*, 47 NY2d 144, 148-149 [1979]). Further, the express terms of the proposed lease provided that it could not be modified "except by a writing subscribed by *both* parties" (emphasis added), and the lease amendment expressly contemplated that it would be effective when "last executed by the parties." Since the lease amendment was integral to the final agreement between the parties, and the proposed lease and lease amendment together constituted the entirety of the parties' understanding of their obligations, the County established, prima facie, that the County Executive's determination not to execute the lease amendment rendered the proposed lease unenforceable because there was no meeting of the minds between the parties (*see generally Bergson v Glantz*, 2010 NY Slip Op 31605[U], *4-5 [Sup Ct, Suffolk County 2010]).

In opposition, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, the proposed lease and lease amendment did not become binding and enforceable when approved by the Legislature. Pursuant to Nassau County Charter § 2206, the Legislature is charged with approving the form of contracts entered into by the County Executive or his or her designee; unlike the Town Board in *Matter of Municipal Consultants & Publs. v Town of Ramapo* (47 NY2d at 149), however, the Legislature does not have "exclusive authority" to award contracts. It is ultimately within the purview of the County Executive to, in his or her discretion, execute a contract

such as the proposed lease and lease amendment (*see* Nassau County Charter § 2206). Moreover, as correctly contended by the County, the proposed lease and lease amendment are distinguishable from the contract at issue in *Matter of Municipal Consultants & Publs. v Town of Ramapo* in that they are subject to the writing and execution requirements of General Obligations Law § 5-703.

Accordingly, the Supreme Court properly concluded that the parties did not enter into a valid, enforceable contract that complied with the Nassau County Charter, and properly granted the County's cross motion for summary judgment declaring that the lease is invalid and unenforceable, and dismissing the counterclaims. Consequently, the court also properly denied the defendant's motion for summary judgment, in effect, declaring that the lease is valid and enforceable and on the issue of liability on its counterclaims.

In light of our determination, the parties' remaining contentions have been rendered academic.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the lease is invalid and unenforceable (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Mastro, J.P., Balkin, Sgroi and Miller, JJ., concur.